

DLA Piper LLP (US)
1251 Avenue of the Americas
27th Floor
New York, New York 10020-1104
www.dlapiper.com

Keara M. Gordon
keara.gordon@dlapiper.com
T  212.335.4632
F  212.884.8632

December 13, 2022

*Via* ECF

The Honorable Ronnie Abrams
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

  Re: *Dakus v. Koninklijke Luchtvaart Maatschappij, N.V.*, **1:22-cv-07962-RA**
    **Consented to Request to Stay Discovery**

Dear Judge Abrams:

  We represent Koninklijke Luchtvaart Maatschappij, N.V. ("KLM") in the above-referenced action. In accordance with Your Honor's instructions in the December 6, 2022 Order (ECF No. 8), we write respectfully to request that the Court stay discovery, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, pending resolution of KLM's anticipated motion to dismiss the plaintiff's complaint (the "Motion"). The Court's decision on the Motion could dispose of this action entirely. A brief stay until the Motion is resolved will not prejudice the plaintiff and would avoid potentially time-consuming discovery that might well be rendered moot by a decision on the motion to dismiss. As set forth more fully herein, this is precisely the circumstances in which courts find "good cause" to stay discovery. We have conferred with the plaintiff's counsel, and he consents to this request.

  "Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, a court has discretion to stay discovery for good cause shown." *Sweet Baby Lightning Enterprises LLC et al v. Keystone Capital Corporation et al.*, No. 1:21-cv-06528-RA, ECF No. 18 (October 27, 2021) (Abrams, J.) (citation omitted) (granting stay); *see also Hong Leong Fin. Ltd. v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013) (same). "A "pending motion to dismiss may constitute 'good cause' for . . . staying discovery." *O'Sullivan v. Deutsche Bank AG*, 2018 WL 1989585 (S.D.N.Y. Apr. 26, 2018) (granting stay). Indeed, "[i]t is well-settled that a district court has discretion to halt discovery pending its decision on a motion to dismiss." *Gandler v. Nazarov*, 1994 WL 702004, at *4 (S.D.N.Y. Dec. 14, 1994) (granting stay).

  In determining whether a stay of discovery is warranted, courts consider "the strength of the dispositive motion, the breadth of discovery sought and the burden of responding to it, as well as prejudice to the party opposing the stay." *Catania v. NYU Langone Health Sys.*, No. 22-CV-4362-RA, ECF No. 27 (Oct. 12, 2022) (Abrams, J.) (granting stay); *see also NetSoc, LLC v. Oath*



*Inc.*, No. 1:18-cv-12267-RA, ECF No. 42 (July 3, 2019) (Abrams, J.) (same).  Each of these factors weigh in favor of granting a stay of discovery here.

As to the first factor, the Court should stay discovery where the defendants have raised "substantial arguments for dismissal." *Hong Leong Fin. Ltd.*, 297 F.R.D. at 73 (quotation omitted); *see also Negrete v. Citibank, N.A.*, 2015 WL 8207466, at *1 (S.D.N.Y. Dec. 7, 2015) (staying discovery where defendants' motion to dismiss "[wa]s potentially dispositive" and "raise[d] several potentially viable defenses to the Complaint" that "[we]re at least sufficient to establish that the Defendants have substantial arguments for dismissal of many, if not all, of the claims asserted") (quotation omitted).  Here, the plaintiff's complaint attempts to assert numerous tort and warranty claims against an airline.  Specifically, it attempts to assert: claims for New York General Business Law 349 and 350; breaches of express warranty, implied warranty of merchantability and fitness for a particular purpose, and the Magnuson Moss Warranty Act, 14 U.S.C. 2301, et seq.; negligent misrepresentation; fraud; unjust enrichment, and unspecified consumer fraud acts of acts of eight additional states.  (*See* Compl.)

KLM anticipates that one of its arguments for complete dismissal will be that these claims are preempted by the Airline Deregulation Act of 1978, 49 U.S.C. § 41713 ("ADA"), which broadly prohibits states from enforcing any law relating to or which have a connection to "rates, routes, or services" of an air carrier.  *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 378 (1992); *see also Northwest, Inc. v. Ginsberg*, 572 U.S. 273, 280 (2014) (acknowledging broad interpretation of ADA preemption); *Air Transp. Ass'n of Am., Inc. v. Cuomo*, 520 F.3d 218, 222 (2d Cir. 2008) (same).  Accordingly, KLM's arguments are "potentially dispositive," and a stay is warranted. *Negrete*, 2015 WL 8207466, at *3. In addition, KLM anticipates making arguments for dismissal for failure to state a claim under Rule 12(b)(6) and possibly on other grounds as well.

As to the second factor, although the parties have not exchanged discovery demands yet, courts find that requiring a defendant to engage in discovery pending resolution of the defendant's potentially dispositive motion to dismiss is unduly burdensome.  *See Boelter v. Hearst Communs., Inc.*, 2016 WL 361554, at *5 (S.D.N.Y. Jan. 28, 2016) ("[B]ecause succeeding on each argument [of defendant's motion to dismiss] alone may warrant dismissal of Plaintiff's entire complaint, ordering discovery to proceed at this time would result in an excessive burden on Defendant"); *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002) ("A stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue"); *Rivera v. Heyman,* 1997 WL 86394, at *1 (S.D.N.Y. Feb. 27, 1997) ("Given that disposition of the dismissal motion may significantly narrow, if not eliminate, the issues remaining in the case, proceeding with discovery while the motion is pending would waste the parties' resources and would constitute an undue burden on defendants").  Requiring KLM to engage in onerous and expensive class discovery prior to Your Honor's ruling on the Motion, which could eliminate the need for any discovery at all, would be unduly burdensome and weighs in favor of a stay here.



The Honorable Ronnie Abrams<br>
December 13, 2022<br>
Page Three

Finally, the third factor—that there is no resulting prejudice to the opposing party—also weighs in favor of a stay. Here, the plaintiff has consented to a stay pending resolution of the Motion, and therefore agrees she will not be prejudiced. And, courts have made clear that a plaintiff is not prejudiced by a brief stay pending resolution of a dispositive motion. *See New York by James v. Pennsylvania Higher Education Assistance Agency*, 2020 WL 605944, at *1 (S.D.N.Y. Feb. 7, 2020) (granting motion to stay "[b]ecause the Court finds that [defendant's] motion to dismiss has substantial merit and that the plaintiff . . . will not be prejudiced this early in the litigation"); *Negrete*, 2015 WL 8207466, at *2 (granting stay where "[a]ny prejudice stemming from the delay is likely to be minimal . . . since this case is in its infancy …."). The case is in its early stages and Your Honor's ruling on the Motion may obviate the need for discovery at all or, at minimum, frame the issues remaining in the case.

* * *

For the foregoing reasons, KLM respectfully requests that the Court issue a stay of discovery pending the Court's ruling on its anticipated Motion, which is due to be filed on January 23, 2023. KLM is available to discuss this request further at the Court's convenience.

Sincerely,

*/s/ Keara M. Gordon*
Keara M. Gordon