# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK
## MANHATTAN COURTHOUSE

| | |
|---|---|
| Kandus Dakus, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>- against -<br><br>Koninklijke Luchtvaart Maatschappij, N.V.,<br><br>Defendant | 1:22-cv-07962-RA |

Plaintiff's Memorandum of Law in Opposition to
Defendant's Motion to Dismiss the First Amended Complaint

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................................ ii

TABLE OF AUTHORITIES ........................................................................................................ iii

INTRODUCTION .......................................................................................................................... 1

FACTUAL BACKGROUND ......................................................................................................... 1

LEGAL STANDARDS .................................................................................................................. 2

ARGUMENT .................................................................................................................................. 2

I.    ADA INAPPLICABLE BECAUSE CLIMATE CHANGE OUTSIDE SCOPE OF "RATES OR SERVICES" ................................................................ 2

II.    BREACH OF CONTRACT VIABLE ............................................................... 3

III.    PLAINTIFF ADEQUATELY ALLEGED INJURY .......................................... 4

    A.    Statutory and/or Punitive Damages Should Not be Stricken ................................. 5

IV.    PLAINTIFF CAN ASSERT HER MULTI-STATE CONSUMER FRAUD CLAIM ................................................................................................ 5

    A.    "Individual Elements" of Multi-State Consumer Statutes Not Required ............................................................................................................ 5

    B.    Decision on Multi-State Claims is Premature ....................................................... 6

    C.    Rule 8 Allows Unjust Enrichment in Alternative ................................................. 7

CONCLUSION ............................................................................................................................... 7

## TABLE OF AUTHORITIES

**Cases**

*Am. Airlines, Inc. v. Wolens*,
　513 U.S. 219 (1995) ........................................................................................................ 2

*Amchem Products, Inc. v. Windsor*,
　521 U.S. 591 (1997) ........................................................................................................ 7

*Ashcroft v. Iqbal*,
　556 U.S. 662 (2009) ........................................................................................................ 2

*Bell Atl. Corp. v. Twombly*,
　550 U.S. 544 (2007) ........................................................................................................ 2

*Dwyer v. Allbirds, Inc.*,
　598 F. Supp. 3d 137 (S.D.N.Y. 2022) .............................................................................. 8

*Fawemimo v. Am. Airlines, Inc.*,
　No. 14-cv-4510, 2017 WL 398387 (S.D.N.Y. Jan. 30, 2017), aff'd, 751 F.
　App'x 16 (2d Cir. 2018) ................................................................................................... 3

*Fink v. Time Warner Cable*,
　837 F. Supp. 2d 279 (S.D.N.Y. 2011) .............................................................................. 8

*Goldemberg v. Johnson & Johnson Consumer Companies, Inc.*,
　8 F. Supp. 3d 467 (S.D.N.Y. 2014) .................................................................................. 6

*Hishon v. King*,
　467 U.S. 69 (1984) ........................................................................................................... 2

*Housey v. Procter & Gamble Co.*,
　No. 21-cv-2286, 2022 WL 874731 (S.D.N.Y. Mar. 24, 2022) ......................................... 5

*In re HSBC BANK, USA, N.A., Debit Card Overdraft Fee Litig.*,
　1 F. Supp. 3d 34 (E.D.N.Y. 2014), *on reconsideration*, 14 F. Supp. 3d 99
　(E.D.N.Y. 2014) ............................................................................................................... 7

*In re Scotts EZ Seed Litig.*,
　304 F.R.D. 397 (S.D.N.Y. 2015) ...................................................................................... 5

*Jones v. Halstead Management Co., LLC*,
　81 F. Supp. 3d 324 (S.D.N.Y. 2015) ................................................................................ 4

*Kacocha v. Nestle Purina Petcare Co.*,
　No. 15-cv-5489 (KMK) (S.D.N.Y. 2016) ........................................................................ 6

*Kaufman v. Sirius XM Radio, Inc.*,
    751 F. Supp. 2d 681 (S.D.N.Y. 2010) .................................................................................. 7

*Koenig v. Boulder Brands, Inc.*,
    995 F. Supp. 2d 274 (S.D.N.Y.2014) ................................................................................... 5

*Lee v. City of NY*,
    No. 04-cv-2740, 2005 WL 2365320 (S.D.N.Y. Sept. 22, 2005) .......................................... 6

*Lilani v. Noorali*,
    No. 09-cv-2617, 2011 WL 13667 (S.D. Tex. Jan. 3, 2011) ................................................. 8

*Logan-Baldwin v. L.S.M. Gen. Contractors, Inc.*,
    942 N.Y.S.2d 718 (2012) ..................................................................................................... 4

*Lyons v. Litton Loan Servicing LP*,
    158 F. Supp. 3d 211 (S.D.N.Y. 2016) .................................................................................. 7

*Morales v. Trans World Airs., Inc.*,
    504 U.S. 374 (1992) ............................................................................................................. 2

*Orlander v. Staples, Inc.*,
    802 F.3d 289 (2d. Cir. 2015) ................................................................................................ 3

*Pelman ex rel. Pelman v. McDonald's Corp.*,
    396 F.3d 508 (2d Cir. 2005) ................................................................................................. 5

*Roberts v. Weight Watchers Int'l, Inc.*,
    217 F. Supp. 3d 742 (S.D.N.Y. 2016) .................................................................................. 6

*Seaboard Air Line Ry. v. Koennecke*,
    239 U.S. 352 (1915) ............................................................................................................. 7

*State ex rel. Grupp v. DHL Exp. (USA), Inc.*,
    19 N.Y.3d 278 (2012) .......................................................................................................... 3

*Steiner v. Southmark Corp.*,
    734 F. Supp. 269 (N.D. Tex. 1990) ...................................................................................... 7

*Thompson v. Allstate Ins. Co.*,
    476 F.2d 746 (5th Cir. 1973) ................................................................................................ 7

*Turk v. Rubbermaid Inc.*,
    21-cv-270, 2022 WL 836894 (S.D.N.Y. Mar. 21, 2022) ..................................................... 5

*White v. Holland Furnace Co.*,
    31 F. Supp. 32 (S.D. Ohio 1939) .......................................................................................... 6

**Statutes**

Airline Deregulation Act of 1978, 49 U.S.C. § 41713 ("ADA")........................................................ 2

Field Code of 1848.............................................................................................................................. 6

N.Y. G. B. L. § 349 ............................................................................................................................. 1

N.Y. G. B. L. § 350 ............................................................................................................................. 1

**Rules**

Fed. R. Civ. P.  8(d)(2)...................................................................................................................... 12

Fed. R. Civ. P. 12(b)(6)...................................................................................................................... 2

**INTRODUCTION**

Plaintiff Kandus Dakus ("Plaintiff") submits this Memorandum of Law in Opposition to the Motion by Defendant Koninklijke Luchtvaart Maatschappij, N.V. ("Defendant" or "KML") to Dismiss the Amended Complaint ("Am. Compl."). ECF Nos. 13, 19.

Plaintiff brings claims for damages for violations of GBL §§ 349 and 350, Compl. ¶¶ 64-66 and the consumer protection laws of Arkansas, Mississippi, Nevada, Ohio, South Carolina, Texas, Utah, West Virginia, and Wyoming, Compl. ¶¶ 67-68, and common law claims, Compl. ¶¶ 69-73, on behalf of consumers who purchased Defendant's airline tickets under its Royal Dutch Airlines (the "Product"). Am. Compl. ¶ 1. Plaintiff seeks monetary relief, expenses, and reasonable attorneys' fees. Compl. at 9, Prayer for Relief, ¶¶ 2-4.

Defendant argues that the claims should be dismissed because, among other reasons, the allegations are implausible. ECF No. 20, Defendant's Memorandum of Law in Support of its Motion to Dismiss ("Def. Mem.") 10.[1] None of its arguments are a basis for dismissal and its Motion should be denied.

**FACTUAL BACKGROUND**

Defendant "operates KLM Royal Dutch Airlines" and "entices customers to 'offset' and 'reduce' the environmental impact of flying through its CO2ZERO program." Am. Compl. 1, 20. Consumers like Plaintiff purchase Defendant's airline tickets with the belief it would advance climate change initiatives specified in "the Paris Climate Agreement." Am. Compl. ¶ 16.

---

[1] In support of its Motion, Defendant submits the Declaration of Keara M. Gordon ("Gordon Decl.") that includes exhibits 1-13. ECF No. 21, 1-17. Ex. 1, Declaration of Eric Caron; Ex.2, American Council for International Studies, Inc.'s webpage; Ex. 3, ACIS Terms and Conditions; Ex. 4, Plaintiff's GofundMe.com webpage; Ex. 5, KLM's General Conditions of Carriage; Ex. 5a, KLM's General Conditions of Carriage; Ex. 6, KLM's archived webpage "Reforestation;" Ex. 6a, KLM's webpage "Reforestation;" Ex. 7, KLM's webpage "FAQ/KLM and sustainability;" Ex. 8, KLM's archived webpage, "What we do;" Ex. 8a, screenshots of KLM's webpage "What we do;" Ex. 9, KLM's Climate Action Plan;' Ex 10, screenshot from KLM's webpage "Climate policy;" Ex. 11, KLM's press release; Ex. 12, KLM's webpage "What you can do;" Ex. 12a, KLM's webpage "What you can do," Ex. 13, Court Order.

However, because the use of "carbon offsetting," "carbon credits," and "sustainable fuels" have an insignificant impact on reducing carbon dioxide levels, Defendant's "Fly Responsibly" commitment is misleading. Am. Compl. ¶¶ 17, 22-34. Had Plaintiff known that flying on KLM's airline would not "limit the effects of climate change," she would not have "paid more for her flight." Am. Compl. ¶¶ 54-56.

## LEGAL STANDARDS

To proceed beyond a motion made pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When deciding a motion to dismiss, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. *Hishon v. King*, 467 U.S. 69, 73 (1984).

## ARGUMENT

**I.   ADA INAPPLICABLE BECAUSE CLIMATE CHANGE OUTSIDE SCOPE OF "RATES OR SERVICES"**

While it may be true that "[c]ourts routinely preempt claims asserting violations of state consumer statutes [] that relate to airline rates or services" under the Airline Deregulation Act of 1978, 49 U.S.C. § 41713 ("ADA"), the "three-factor inquiry, first used by [Supreme Court Justice] Sotomayor," supports denying dismissal. Def. Mem. at 16 citing *Morales v. Trans World Airs., Inc.*, 504 U.S. 374, 378 (1992) and *Am. Airlines, Inc. v. Wolens*, 513 U.S. 219, 228 (1995); Compl. 14; *Fawemimo v. Am. Airlines, Inc.*, No. 14-cv-4510, 2017 WL 398387, at *3 (S.D.N.Y. Jan. 30,

2

2017), aff'd, 751 F. App'x 16 (2d Cir. 2018) citing *Rombom v. United Air Lines, Inc.*, 867 F. Supp. 214, 222 (S.D.N.Y. 1994).

Under *Rombom*, because the "underlying tortious conduct" of equating the "purchas[e] [of] carbon credits [a]s equivalent to negating the environmental effects of flying such that a flight could be described as '$CO_2$ neutral'" is "[not] reasonably necessary to the provision of [air travel]," Plaintiff's GBL claims are not preempted. *Doe v. Delta Airlines, Inc.*, 129 F. Supp. 3d 23, 35 (S.D.N.Y. 2015); Compl. ¶ 24.

In fact, "[over] the three decades since the climate crisis became part of the global agenda … legislative attempts to tackle climate change have repeatedly failed," such that at no point could governments – in the United States and elsewhere – mandate carbon reduction goals. Compl. ¶¶ 7-8. The results include Defendant's "Fly Responsibly" initiative, based on its own "recogni[tion] [of] the urgent need to limit global warming." Compl. ¶ 16.

Defendant's voluntary practices has no impact on its "ability to set its rates, routes or services," because "the activity [carbon credits] in question [does not] implicate[] [its] service," only the reduction in carbon emissions. *State ex rel. Grupp v. DHL Exp. (USA), Inc.*, 19 N.Y.3d 278, 285 (2012).

## II. BREACH OF CONTRACT VIABLE

While Defendant argues that "the only contract between the Plaintiff and KLM is [its General Conditions of Carriage] COC," Plaintiff entered into a contract with KLM "when she paid for a flight on" its airline based on representations of its initiative to "reach the goals of the Paris Agreement and preventing climate change to exceed 1.5 degrees Celsius by 2050." Def. Mem. at 22; Compl. ¶¶ 69-70.

3

That "a third party – the American Council for International Studies ("ACIS") – purchased" Plaintiff's ticket is without merit as it offers no evidence about whether this money was paid by her to KLM. Def. Mem. at 11.

Further, Defendant offers no facts to support that Plaintiff "may not have known what airline she was flying until after she agreed to the ACIS Terms and paid for her trip." Def. Mem. at 12. While this may be concluded based on her deposition, any weighing of evidence is inappropriate on a motion to dismiss. *Jones v. Halstead Management Co., LLC*, 81 F. Supp. 3d 324, 335 (S.D.N.Y. 2015) (refusing to "assay the weight of evidence" before the parties engage in discovery).

Finally, even if the ticket was entirely paid for by another party, Plaintiff was a third-party beneficiary as it was intended for her to reap the immediate benefit of the airfare. Def. Mem. at 12; *Logan-Baldwin v. L.S.M. Gen. Contractors, Inc.*, 942 N.Y.S.2d 718, 720 (2012).

### III. PLAINTIFF ADEQUATELY ALLEGED INJURY

Defendant argues that Plaintiff cannot allege an injury because she "fail[ed] plausibly to plead causation or reliance," and based its assertion upon "documents [im]properly before this Court." Def. Mem. at 20 citing *Housey v. Procter & Gamble Co.*, No. 21-cv-2286, 2022 WL 874731, at *3 (S.D.N.Y. Mar. 24, 2022) and *Turk v. Rubbermaid Inc.*, 21-cv-270, 2022 WL 836894, at *8-9 (S.D.N.Y. Mar. 21, 2022).

As an initial matter, the reasonable consumer "inquiry is generally a question of fact not suited for resolution at the motion to dismiss stage." *Duran*, 450 F. Supp. 3d at 346 (collecting cases). Defendant's argument also ignores that a GBL action "is not subject to the pleading-with-particularity requirements of Rule 9(b) but need only meet the bare-bones pleading requirements of Rule 8(a)." *Pelman ex rel. Pelman v. McDonald's Corp.*, 396 F.3d 508, 511 (2d Cir. 2005). Further, under GBL, a plaintiff need not plead or allege reliance. *In re Scotts EZ Seed Litig.*, 304

4

F.R.D. 397, 409 (S.D.N.Y. 2015); *see also Robinson v. Match.com, L.L.C.*, 10-cv-2651, 2012 WL 5007777, at *7 (N.D. Tex. Oct. 17, 2012).

Here, "[P]laintiff adequately alleg[ed] injury under GBL § 349 by claiming that [she] paid a premium for [the P]roduct based on the allegedly misleading representations." *Koenig v. Boulder Brands, Inc.*, 995 F. Supp. 2d 274, 287-88 (S.D.N.Y.2014); Compl. ¶¶ 54-56. Plaintiff alleged the deception was that the Product was marketed as an airline "commitment[ed] [] [] to limit the effects of climate change," which resulted in "pa[ying] more for her flight on KLM than she would have paid absent its false and misleading statements and omissions." *See, e.g., Goldemberg v. Johnson & Johnson Consumer Companies, Inc.*, 8 F. Supp. 3d 467, 480-82 (S.D.N.Y. 2014) (the plaintiff merely alleging he paid a premium price without making any other factual allegations was sufficient to properly allege injury); *Kacocha v. Nestle Purina Petcare Co.*, No. 15-cv-5489, 2016 WL 4367991, at *7 (S.D.N.Y. 2016) ("the law is clear that economic injury – including that caused by paying a premium – is sufficient to establish injury for standing purposes."); Compl. ¶¶ 52, 56.

### A. Statutory and/or Punitive Damages Should Not be Stricken

While suggesting that "the only contract [] between [the parties] is its General Conditions of Carriage ("COC")," Defendant contends that it disclaimed "liab[ility] [] for consequential Damage or any form of non[-]compensatory Damage." Def. Mem. at 10 *Roberts v. Weight Watchers Int'l, Inc.*, 217 F. Supp. 3d 742, 753-54 (S.D.N.Y. 2016), aff'd, 712 F. App'x 57 (2d Cir. 2017).

## IV. PLAINTIFF CAN ASSERT HER MULTI-STATE CONSUMER FRAUD CLAIM

### A. "Individual Elements" of Multi-State Consumer Statutes Not Required

While Defendant contends Plaintiff "failed to identify the specific statutes at issue," Fed. R. Civ. P. 8 "adopted the words 'claim' or 'claim for relief' in place of the term 'cause of action,'" in contrast to the ossified technicalities of the Field Code. Def. Mem. at 32 citing *Lee v. City of*

5

*NY*, No. 04-cv-2740, 2005 WL 2365320, at 2 (S.D.N.Y. Sept. 22, 2005), aff'd, 181 F. App'x 55 (2d Cir. 2006); *White v. Holland Furnace Co.*, 31 F. Supp. 32, 34 (S.D. Ohio 1939) quoting Fed. R. Civ. P. 8(a)(2) *compare with* Field Code of 1848 (requiring the pleader to provide "[a] statement of the facts constituting the cause of action.").[2]

What matters is not whether Plaintiff "f[ound] just exactly the prescribed combination of words and phrases" by "locat[ing] applicable statutes," but "the specified conduct of [the] [D]efendant upon which the [P]laintiff tries to enforce h[er] claim." *Thompson v. Allstate Ins. Co.*, 476 F.2d 746, 749 (5th Cir. 1973); *see also Steiner v. Southmark Corp.*, 734 F. Supp. 269, 273 (N.D. Tex. 1990) (requiring to "only apprise the defendant of the time, place, and nature of fraudulent behavior and defendant's relationship thereto.").

Here, "[t]he facts constituting the tort were the same," because consumers beyond this State's borders shared Plaintiff's expectation that flying with KLM's airlines would assist in "the necessary emission reductions that are needed to have a chance of limiting climate change." *Seaboard Air Line Ry. v. Koennecke*, 239 U.S. 352, 354 (1915); Am. Compl. ¶¶ 6, 15-21.

B.   Decision on Multi-State Claims is Premature

Though Defendant contends Plaintiff cannot assert claims for states from which she has "no connection," the prudent course is "to defer standing objections until after class certification where [as here] certification issues are 'logically antecedent to Article III concerns.'" Def. Mem. at 31 citing *Kaufman v. Sirius XM Radio, Inc.*, 751 F. Supp. 2d 681, 688 (S.D.N.Y. 2010), aff'd, 474 F. App'x 5 (2d Cir. 2012) and *In re HSBC BANK, USA, N.A., Debit Card Overdraft Fee Litig.*, 1 F. Supp. 3d 34, 49 (E.D.N.Y. 2014), *on reconsideration*, 14 F. Supp. 3d 99 (E.D.N.Y. 2014);

---

[2] The Field Code was intended to simplify pleadings, and was successful for a time, until it became as arthritic as what it sought to replace.

*Lyons v. Litton Loan Servicing LP*, 158 F. Supp. 3d 211, 221 (S.D.N.Y. 2016) quoting *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 612 (1997).

      C.      <u>Rule 8 Allows Unjust Enrichment in Alternative</u>

While Plaintiff's unjust enrichment may be "duplicative of her GBL claims," and an "independent cause of action" to her Texas consumer fraud claims, Fed. R. Civ. P. 8(d)(2) permits her to "set out 2 or more statements of a claim or defense alternatively or hypothetically." Def. Mem. at 31 citing *Dwyer v. Allbirds, Inc.*, 598 F. Supp. 3d 137, 157 (S.D.N.Y. 2022); *Lilani v. Noorali*, No. 09-cv-2617, 2011 WL 13667, at *11 (S.D. Tex. Jan. 3, 2011).

Further, contrary to Defendant's contention, "[e]quitable relief is [] warranted" because Plaintiff purchased the Product based on "its commitment to 'Fly Responsibly,'" and she "paid more for her flight" when she "chose between KLM and other airlines which did not tout their environmental attributes," "to [her] detriment." Def. Mem. at 32 citing *Fink v. Time Warner Cable*, 837 F. Supp. 2d 279, 286 (S.D.N.Y. 2011); Am. Compl. ¶¶ 16, 55-56, 73.

## CONCLUSION

For the foregoing reasons, the Court should deny Defendant's Motion or in the alternative grant leave to file a Second Amended Complaint.

Dated:      February 23, 2023

                                                 Respectfully submitted,

                                                 Sheehan & Associates, P.C.
                                                 /s/Spencer Sheehan
                                                 60 Cuttermill Rd Ste 412
                                                 Great Neck NY 11021
                                                 Tel: (516) 268-7080
                                                 spencer@spencersheehan.com

## Certificate of Service

I certify that on February 23, 2023, I served and/or transmitted the foregoing by the method below to the persons or entities indicated, at their last known address of record (blank where not applicable).

|  | CM/ECF | First-Class Mail | Email | Fax |
|---|---|---|---|---|
| Defendant's Counsel | ☒ | ☐ | ☐ | ☐ |
| Plaintiff's Counsel | ☒ | ☐ | ☐ | ☐ |
| Courtesy Copy to Court | ☐ | ☐ | ☐ | ☐ |

/s/ Spencer Sheehan