**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KANDUS DAKUS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>KONINKLIJKE LUCHTVAART MAATSCHAPPIJ, N.V.,<br><br>Defendant. | Civil Action No. 1:22-cv-07962-RA |

**DEFENDANT KLM'S REPLY MEMORANDUM IN FURTHER**
**SUPPORT OF ITS MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**

Keara M. Gordon
Colleen Carey Gulliver
Haley D. Torrey (*pro hac vice*)
DLA PIPER LLP
1251 Avenue of the Americas
New York, New York 10020
Tel.: (212) 335-4500
Fax: (212) 335-4501
keara.gordon@dlapiper.com
colleen.gulliver@dlapiper.com
haley.torrey@us.dlapiper.com

*Attorneys for Defendant*
*Koninklijke Luchtvaart Maatschappij, N.V.*

## <u>TABLE OF CONTENTS</u>

**Page**

INTRODUCTION .................................................................................................................1

ARGUMENT .....................................................................................................................1

I.    Ms. Dakus Abandoned Her Claims, Requiring Dismissal With Prejudice.................1

II.    The ADA Preempts the Consumer Protection and Unjust Enrichment Claims. ...........4

III.    The Plaintiff Has Not Suffered an Injury That KLM Caused.......................................5

    A.    The Plaintiff Has Not Plausibly Alleged Causation. ...........................................5

    B.    The Plaintiff Has Not Suffered an Injury.............................................................7

IV.    The Breach of Contract Claim Fails for Additional Reasons. .....................................8

V.    The Unjust Enrichment Claim Fails. ...........................................................................9

VI.    The Plaintiff Cannot Assert Claims Under Other States' Consumer Fraud Statutes......................................................................................................................10

CONCLUSION...................................................................................................................10

i

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) ........................................................................................................7

*Bell Atlantic Corp. v. Twombly,*
    550 U.S. 544 (2007) ........................................................................................................7

*Black v. N. Panola Sch. Dist.,*
    461 F.3d 584 (5th Cir. 2006) ..........................................................................................2

*Brown v. Kellogg Sales Co.,*
    2022 WL 992627 (S.D.N.Y. Mar. 31, 2022) ..................................................................1

*Colella v. Atkins Nutritionals, Inc.,*
    348 F. Supp. 3d 120 (E.D.N.Y. 2018) ............................................................................7

*Cooper v. Templeton,*
    2022 WL 4367445 (S.D.N.Y. Sept. 21, 2022) ................................................................1

*De Medicis v. Ally Bank,*
    2022 WL 3043669 (S.D.N.Y. Aug. 2, 2022) ...............................................................2, 3

*Doe v. Delta Airlines, Inc.,*
    129 F. Supp. 3d 23 (S.D.N.Y. 2015) ...............................................................................5

*Glob. Network Commc'ns, Inc. v. City of New York,*
    458 F.3d 150 (2d Cir. 2006) ...........................................................................................6

*Goldemberg v. Johnson & Johnson Consumer Cos.,*
    8 F. Supp. 3d 467 (S.D.N.Y. 2014) ................................................................................7

*Gordon v. Target Corp.,*
    2022 WL 836773 (S.D.N.Y. Mar. 18, 2022) ..................................................................6

*State ex rel. Grupp v. DHL Express (USA), Inc.,*
    19 N.Y.3d 278 (2012) .....................................................................................................5

*Holland v. JPMorgan Chase Bank, N.A.,*
    2019 WL 4054834 (S.D.N.Y. Aug. 28, 2019) ................................................................2

*Housey v. Procter & Gamble Co.,*
    2022 WL 874731 (S.D.N.Y. Mar. 24, 2022) ..................................................................6

*In re HSBC Bank, USA, N.A., Debit Card Overdraft Fee Litig.,*
    1 F. Supp. 3d 34 (E.D.N.Y. 2014) ................................................................................10

*Izquierdo v. Mondelez Int'l, Inc.*,
    2016 WL 6459832 (S.D.N.Y. Oct. 26, 2016) ........................................................................7

*M.M. ex rel. J.M. v. N.Y.C. Dep't of Educ.*,
    2010 WL 2985477 (S.D.N.Y. July 27, 2010) ........................................................................2

*Kacocha v. Nestle Purina Petcare Co.*,
    2016 WL 4367991 (S.D.N.Y. Aug. 12, 2016) ........................................................................7

*Kaufman v. Sirius XM Radio, Inc.*,
    751 F. Supp. 2d 681 (S.D.N.Y. 2010), *aff'd*, 474 F. App'x 5 (2d Cir. 2012) ........................10

*Koenig v. Boulder Brands, Inc.*,
    995 F. Supp. 2d 274 (S.D.N.Y. 2014) ........................................................................7

*Lyons v. Litton Loan Servicing LP*,
    158 F. Supp. 3d 211 (S.D.N.Y. 2016) ........................................................................10

*Malsom v. Match.com, L.L.C.*,
    540 F. App'x 412 (5th Cir. 2013) ........................................................................6

*Martelli v. Rite Aid Corp.*,
    2023 WL 2058620 (S.D.N.Y. Feb. 16, 2023) ........................................................................6

*Nelson v. MillerCoors, LLC*,
    246 F. Supp. 3d 666 (E.D.N.Y. 2017) ........................................................................10

*Pittman v. Chick-Fil-A, Inc.*,
    2022 WL 2967586 (S.D.N.Y. July 27, 2022) ........................................................................8

*Rivera v. Balter Sales Co.*,
    2014 WL 6784384 (S.D.N.Y. Dec. 1, 2014) ........................................................................1

*Robinson v. Match.com, L.L.C.,*,
    2012 WL 5007777(N.D. Tex. Oct. 17, 2012) ........................................................................6

*Rombom v. United Air Lines, Inc.,*
    867 F. Supp. 214 (S.D.N.Y. 1994) ........................................................................4, 5

*Sabatano v. Iovate Health Scis. USA Inc.*,
    2020 WL 3415252 (S.D.N.Y. June 22, 2020) ........................................................................6

*In re Scotts EZ Seed Litigation*,
    304 F.R.D. 397 (S.D.N.Y. 2015) ........................................................................6

*Starker v. Spirit Airs.*,
    2019 WL 4194572 (S.D.N.Y. Sept. 3, 2019) ........................................................................5

*Sussman Sales Co. v. VWR Int'l, LLC*,
    2021 WL 1165077 (S.D.N.Y. Mar. 26, 2021) ........................................................................2

*Tasini v. N.Y. Times Co.*,
    184 F. Supp. 2d 350 (S.D.N.Y. 2002)......................................................................2

*Yak v. Bank Brussels Lambert*,
    252 F.3d 127 (2d Cir. 2001)..................................................................................6

*Zachmann v. Coleman Co.*,
    2022 WL 161480 (S.D.N.Y. Jan. 18, 2022) .........................................................10

**Statutes**

Airline Deregulation Act of 1978, 49 U.S.C. § 41713 ...............................................4, 5

New York General Business Law § 349........................................................... *passim*

New York General Business Law § 350........................................................... *passim*

## INTRODUCTION

On this factual challenge to jurisdiction, KLM is entitled to, and has, established the following: Ms. Dakus did not choose KLM and she did not choose to purchase SAF[1] or contribute to KLM's reforestation projects. In reality, she had *no* choice in the selection of which airline she flew, and she did not book her ticket—ACIS did. It appears that she then funded the ticket, in whole or in part, via her GoFundMe page and received "complimentary benefits from ACIS" in connection with the trip. And any payment she may have made toward the flight likely was *before* she knew that ACIS had selected KLM as the airline she would fly. For these reasons, Ms. Dakus lacks Article III standing because she did not suffer an injury-in-fact that is fairly traceable to KLM's challenged conduct. In response, Ms. Dakus ignores this argument entirely and fails to counter KLM's factual challenge with evidence, instead pretending the actual facts do not exist. They do, and they mandate dismissal of the FAC in its entirety and with prejudice.

Even if the Court ignored that critical failure (which it should not), it must dismiss all claims because Ms. Dakus chose not to respond to at least one of KLM's dismissal arguments for *each* claim, fails to distinguish any of KLM's case law, and otherwise asserts meritless ramblings.[2]

## ARGUMENT

### I.   Ms. Dakus Abandoned Her Claims, Requiring Dismissal With Prejudice.

"A plaintiff's failure to respond to contentions raised in a motion to dismiss . . . constitutes an abandonment of those claims." *Rivera v. Balter Sales Co.*, 2014 WL 6784384, at *3 (S.D.N.Y. Dec. 1, 2014) (dismissing claim); *see also Cooper v. Templeton*, 2022 WL 4367445, at *8 n.3 (S.D.N.Y. Sept. 21, 2022) (Abrams, J.) (same (collecting cases)); *Brown v. Kellogg Sales Co.*,

---

[1] Capitalized terms not defined herein have the same meaning as set forth in KLM's Memorandum of Law in support of its Motion to Dismiss (the "Brief").

[2] The Opposition also does not appropriately cite sources for some of its assertions. For example, in several instances the Opposition misleadingly includes language in quotations and then cites KLM's Brief, when in reality the language comes from the FAC or Ms. Dakus' cited case law.

2022 WL 992627, at *5 (S.D.N.Y. Mar. 31, 2022) (same); *Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) (same).

Here, Ms. Dakus failed to oppose KLM's argument that she lacks Article III standing because there is no cognizable injury and no causal connection to any of KLM's actions. (Br. at 9-11.) "By standing mute in the face of [KLM's] jurisdictional challenge, [Ms. Dakus] effectively concede[s] that [she] cannot carry [her] burden and that the Court lacks subject matter jurisdiction over the claims . . . ." *M.M. ex rel. J.M. v. N.Y.C. Dep't of Educ.*, 2010 WL 2985477, at *6 (S.D.N.Y. July 27, 2010); *see also Sussman Sales Co. v. VWR Int'l, LLC*, 2021 WL 1165077, at *20 (S.D.N.Y. Mar. 26, 2021) ("Plaintiff does not respond to these [standing] arguments in its opposition brief, and the Court will treat them as conceded." (citation omitted)). Her failure to respond necessitates dismissal of the FAC in its entirety.

"[A] defendant is permitted to make a fact-based Rule 12(b)(1) motion, proffering evidence beyond the Pleading, such as through affidavits submitted that reveal the existence of factual problems in the assertion of jurisdiction." *De Medicis v. Ally Bank*, 2022 WL 3043669, at *1 n.1 (S.D.N.Y. Aug. 2, 2022) (citation omitted). After offering such evidence, "no presumptive truthfulness attaches to the complaint's jurisdictional allegations; rather, the burden is on the plaintiff to satisfy the Court, as fact-finder, of the jurisdictional facts." *Tasini v. N.Y. Times Co.*, 184 F. Supp. 2d 350, 353-54 (S.D.N.Y. 2002) (citation omitted) (collecting cases). "[T]he plaintiffs will need to come forward with evidence of their own to controvert that presented by the defendant "if the affidavits . . . reveal the existence of factual problems" in the assertion of jurisdiction." *De Medicis*, 2022 WL 3043669, at *3 (citation omitted); *see also Holland v. JPMorgan Chase Bank, N.A.*, 2019 WL 4054834, at *8 (S.D.N.Y. Aug. 28, 2019) ("[J]urisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to

2

the party asserting it." (citation omitted)).

Here, Mr. Caron's declaration and Ms. Dakus' GoFundMe page clearly reveal factual problems with an assertion of jurisdiction as they contradict the allegations that: (1) Ms. Dakus decided to fly with KLM as opposed to other airlines (ACIS did) and thus she did not rely on any of KLM's challenged statements or purchase her flight from KLM; and (2) she paid any "premium" for the flight. (*See, e.g.,* ¶¶ FAC 54-56.) As such, she cannot simply rely on her allegations to the contrary and proclaim them to be true. Because Ms. Dakus failed to present the Court with any facts to controvert KLM's evidentiary showing, she failed to meet her burden. *See, e.g., De Medicis*, 2022 WL 3043669, at *10 (dismissing on factual challenge).

Even if the Court ignored that critical failure (which it should not), it must dismiss all claims because Ms. Dakus ignored at least one of KLM's dismissal arguments for each claim. Specifically, the Opposition ignores that:

- the allegation that Ms. Dakus "would not have chosen KLM at all" is an insufficient injury as it conflates deception and injury (Br. at 13);

- Ms. Dakus' contract claim fails because (1) aspirational website statements do not create a contract and (2) she fails to allege any breach of the purported contract (*id*. at 16-17);

- Ms. Dakus' GBL claim fails because she cannot invoke New York's GBL (*id.* at 23);

- KLM did not make a material misrepresentation, dooming her GBL and unjust enrichment claims (*id.* at 17-24);

- Ms. Dakus' Multi-State Consumer Fraud Claims fail because her GBL claim fails (*id.* at 24-25); and

- the remedies beyond compensatory damage should be stricken because: (1) the COC prohibits Ms. Dakus from obtaining anything other than compensatory damages;[3] and (2) punitive damages are not available in breach of contract actions (*id.* at 25).

This Court should dismiss the FAC with prejudice as Ms. Dakus abandoned her claims.

---

[3] Although the Opposition recognizes that KLM made this argument, Ms. Dakus does not respond to it substantively. (Opp. at 5.) Accordingly, she has abandoned these forms of relief.

3

II.     **The ADA Preempts the Consumer Protection and Unjust Enrichment Claims.**

The ADA preempts Ms. Dakus' consumer protection and unjust enrichment claims because they relate to KLM's rates and services. (Br. at 7-9 (citing e.g., *Morales v. Trans World Airs., Inc.*, 504 U.S. 374, 378 (1992)).) Ms. Dakus recognizes the ADA's broad preemption provision results in courts "routinely preempt[ing] claims asserting violations of state consumer statutes" (Opp. at 2), but appears to argue that preemption is inappropriate here because KLM fails to meet the three-part test in *Rombom v. United Air Lines, Inc.*: (1) "whether the activity at issue in the claim is an airline service"; (2) "whether the claim affects the airline service directly or tenuously, remotely, or peripherally"; and (3) "whether the underlying tortious conduct was reasonably necessary to the provision of the service." 867 F. Supp. 214, 221-22 (S.D.N.Y. 1994). She is wrong.

As to the first two prongs, Ms. Dakus argues that KLM's challenged actions have "no impact on its 'ability to set its rates, routes or services.'" (Opp. at 3 (citation omitted).) Her argument contradicts significant precedent holding that claims asserting violations of state consumer statutes and unjust enrichment claims—like she asserts here—relate to an airline's rates or services and are preempted—cases which Ms. Dakus completely ignores. (Br. at 8-9 (collecting cases).) Here, Ms. Dakus' claims are preempted because they relate directly to the provision of KLM's core service—the purchase and sale of air transportation services. (*Id*. at 7-9)

Her claims also relate to KLM's rates, as the FAC explicitly alleges that Ms. Dakus "paid more for her flight" than she would have otherwise *because* of KLM's challenged actions. (FAC ¶ 56.) She cannot have it both ways. Ms. Dakus either (1) paid a premium for her flight as a result of KLM's challenged actions, which necessarily implicates KLM's rates, and therefore the ADA preempts her claims; or (2) she did *not* pay a premium caused by or related to KLM's actions, and therefore she has no cognizable injury (*see* Section III.)

4

The third prong "exempts from preemption only those actions classifiable as 'outrageous or unreasonable.'" *Starker v. Spirit Airs.*, 2019 WL 4194572, at *6 (S.D.N.Y. Sept. 3, 2019) (citations omitted) (finding challenged conduct "not sufficiently unreasonable to avoid preemption by the ADA"). "'Courts have deemed conduct outrageous or unreasonable where the plaintiff was arrested, discriminated against on the basis of his or her inclusion within a protected class, or physically injured.'" *Id.* (quoting *Lozada v. Delta Airs., Inc.*, 2014 WL 2738529, at *4 (S.D.N.Y. June 17, 2014)). Nothing remotely close is alleged here, and KLM's challenged practices do not even arguably rise to the level of "outrageousness" or "unreasonableness" required to avoid preemption.[4] Ms. Dakus' claims are preempted.

## III.   The Plaintiff Has Not Suffered an Injury That KLM Caused.

### A.   The Plaintiff Has Not Plausibly Alleged Causation.

Ms. Dakus has not plausibly alleged causation or reliance in support of her GBL and breach of contract claims because the ACIS Terms establish that: ACIS, not Ms. Dakus, chose the airline; ACIS, not Ms. Dakus, purchased her ticket; since she did not buy it at all, she necessarily did not buy the ticket on KLM's website; and Ms. Dakus likely was unaware that ACIS would choose KLM when she contracted with ACIS. (Br. at 12.) Because it is implausible that Ms. Dakus chose to fly on KLM, it is similarly implausible that KLM's website statements caused her to select KLM. (*Id.*) In response, Ms. Dakus argues that: (1) the ACIS Terms are "improperly before this Court"; and (2) the GBL does not require reliance. (Opp. at 4-5.) Both assertions are incorrect.

First, the Court may properly consider the ACIS Terms in deciding the 12(b)(6) portions

---

[4] For these same reasons, Ms. Dakus' reliance on *Doe v. Delta Airlines, Inc.*, 129 F. Supp. 3d 23 (S.D.N.Y. 2015) is inapposite. (Opp. at 3 (citing *Doe*, 129 F. Supp. 3d 23) (plaintiff's claims for false arrest, malicious prosecution, and negligence were not preempted since courts have interpreted *Rombom*'s third prong to be met where the plaintiff is arrested or physically injured)); *see also id* (citing *Rombom*, 867 F. Supp. at 223 (ADA preemption did not bar a plaintiff's tort claim based on her arrest).) And her decision to cite *State ex rel. Grupp v. DHL Express (USA), Inc.*, 19 N.Y.3d 278, 285 (2012) (Opp. at 3) is perplexing as the New York State Court of Appeals there found claims that the defendant made misrepresentations were preempted.

of this motion. The Court may consider a "contract or other legal document containing obligations upon which the plaintiff's complaint stands or falls, but which for some reason—usually because the document, read in its entirety, would undermine the legitimacy of the plaintiff's claim—was not attached to the complaint." *Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006). "Carefully avoiding all mentions of [documents] does not make them any less integral to [the] complaint." *Yak v. Bank Brussels Lambert*, 252 F.3d 127, 131 (2d Cir. 2001).[5] Here, Ms. Dakus agreed to the ACIS Terms when she contracted with ACIS to book the flight that is the subject of her lawsuit. The ACIS Terms are clearly integral, relevant, and fundamental to the FAC and adjudicating Ms. Dakus' claims. She cannot pretend they do not exist.

Second, contrary to Ms. Dakus' assertion, a plaintiff *is* required to demonstrate reliance in support of a GBL 350 claim. (Br. at 12; *see also Martelli v. Rite Aid Corp.*, 2023 WL 2058620, at *4 (S.D.N.Y. Feb. 16, 2023) (dismissing claim); *Gordon v. Target Corp.*, 2022 WL 836773, at *13 (S.D.N.Y. Mar. 18, 2022) (same); *Sabatano v. Iovate Health Scis. USA Inc.*, 2020 WL 3415252, at *2-3 (S.D.N.Y. June 22, 2020) (same).)[6] Although reliance is not required for a GBL 349 claim, a plaintiff still must demonstrate that that "[s]he has seen the misleading statements of which [s]he complains before [s]he came into possession of the products [s]he purchased." *Housey v. Procter & Gamble Co.*, 2022 WL 874731, at *3 (S.D.N.Y. Mar. 24, 2022) (citation omitted). Ms. Dakus makes no attempt to rebut KLM's argument that her conclusory allegations fail to plausibly plead causation or reliance and that documents contradict those allegations. (Br. at 12.)

---

[5] The Opposition fails to address—or distinguish—KLM's authority establishing that reviewing the ACIS Terms is proper on this motion.

[6] Although the *In re Scotts EZ Seed Litigation* case Ms. Dakus cites stated "neither Section 349 nor 450 require proof of reliance," 304 F.R.D. 397, 409 (S.D.N.Y. 2015), as explained above, many other Courts do require a showing of actual reliance and the Court should follow this line of authority. In *Robinson v. Match.com, L.L.C.*, which Ms. Dakus also cites, the plaintiff brought a claim under the Texas Deceptive Trade Practices Act ("DTPA"), which is not asserted here. 2012 WL 5007777 (N.D. Tex. Oct. 17, 2012) *aff'd sub nom. Malsom v. Match.com, L.L.C.*, 540 F. App'x 412 (5th Cir. 2013). In any event, the Court there held that reliance *was* an element under the DTPA, and it dismissed the claim. *Id.* at *13.

### B.     <u>The Plaintiff Has Not Suffered an Injury</u>.

Ms. Dakus ignores, and thus concedes, that she cannot premise injury on allegations that she would not have chosen KLM at all. (Br. at 13.) Her price premium injury is not adequately pled because she does not allege: (1) the amount she paid for the flight; (2) facts regarding the premium she purportedly paid; or (3) any comparative flight. (Br. at 13-14 (citing *Colella v. Atkins Nutritionals, Inc.*, 348 F. Supp. 3d 120, 143 (E.D.N.Y. 2018); *Izquierdo v. Mondelez Int'l, Inc.*, 2016 WL 6459832, at *7-8 (S.D.N.Y. Oct. 26, 2016)).) The Opposition fails to distinguish both *Izquierdo* and *Colella*, which establish that the FAC fails to allege a price premium injury.

*Izquierdo*, decided by the Chief Judge of the Southern District, and *Colella* are more persuasive than the cases the plaintiff cites.[7] As *Izquierdo* explained, "[s]imply . . . recit[ing] the word 'premium' multiple times . . . does not make Plaintiffs' injury any more cognizable." 2016 WL 6459832, at *7. *Koenig*, *Kacocha*, and *Goldemberg*—which were all decided ***prior*** to *Izquierdo* and *Colella*—would permit plaintiffs to survive a motion to dismiss based only on conclusory allegations, which conflicts with binding Supreme Court precedent, such as *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), which mandates that a plaintiff plead "enough facts to state a claim to relief that is plausible on its face" and *Ashcroft v. Iqbal*, 556 U.S. 662, 696 (2009), which holds that a complaint fails if it merely "tenders 'naked assertions' devoid of 'further factual enhancement.'" (citation omitted.) The FAC fails under both cases. Respectfully, the Court should follow *Izquierdo* and *Colella* and not the lower bar Ms. Dakus advocates.

---

[7] *See* Opp. at 5 (citing *Koenig v. Boulder Brands, Inc.*, 995 F. Supp. 2d 274, 287-88 (S.D.N.Y. 2014), *Goldemberg v. Johnson & Johnson Consumer Cos.*, 8 F. Supp. 3d 467, 481-82 (S.D.N.Y. 2014), and *Kacocha v. Nestle Purina Petcare Co.*, 2016 WL 4367991, at *7 (S.D.N.Y. Aug. 12, 2016)).

**IV.**     <u>**The Breach of Contract Claim Fails for Additional Reasons**</u>.

KLM established that Ms. Dakus' breach of contract claim also fails because: (1) there is no contract in which KLM promised her anything about the Paris Agreement or its environmental initiatives; (2) she has not sufficiently pled the contract's terms; (3) the statements at issue are aspirational, not enforceable contractual obligations; and (4) there was no breach. (Br. at 14-17.)

Ms. Dakus does not dispute that the COC does not make any reference to, let alone promise anything related to, the Paris Agreement or KLM's sustainability initiatives nor does it incorporate any of the challenged statements or the websites where they appeared. That alone dooms her claim. She asserts that she entered into a contract with KLM "'when she paid for a flight' . . . based on representations of its initiative to 'reach the goals of the Paris Agreement and preventing climate change to exceed 1.5 degrees Celsius by 2050.'" (Opp. at 3 (citations omitted).) There are several defects in Ms. Dakus' theory, most of which KLM identified in its Brief and Ms. Dakus ignored.

First, even though challenged to do so, Ms. Dakus does not identify, or attach, any contract, or set forth its specific terms. As KLM established, "[a] plaintiff 'must provide ***specific*** allegations as to an agreement between the parties, the terms of that agreement, and what provisions of the agreement were breached as a result of the acts at issue,'" yet Ms. Dakus failed to do so. (Br. at 15-16 (quoting *Pittman v. Chick-Fil-A, Inc.*, 2022 WL 2967586, at *6 (S.D.N.Y. July 27, 2022) ( (emphasis added).) Her conclusory allegation that it "included [KLM's] representations that it was acting in accordance to reach the goals of the Paris Agreement and preventing climate change to exceed 1.5 degrees Celsius by 2050" (FAC ¶¶ 70-71) is insufficient. As in *Pittman*, the allegations "amount to a 'simple characterization of the nature of the promise,' which is insufficient to allege a breach of contract." 2022 WL 2967586, at *6. (citation omitted).

Second, Ms. Dakus does not dispute, and thus concedes, that KLM's statements that it is working to achieve various aspirational goals "by 2050—27 years in the future—do not create a

8

binding contract." (*See* Br. at 16 (collecting cases).) The Opposition does concede that these are

"goals." (Opp. at 3.) The failure to achieve future goals cannot sustain a breach of contract claim.

(*See* Br. at 17 (citing *Ullmo ex rel. Ullmo v. Gilmour Acad.*, 273 F.3d 671, 676–77 (6th Cir. 2001)

("a breach of contract claim will not arise from the failure to fulfill a statement of goals or ideals")).)

Third, even if Ms. Dakus did enter into a contract for KLM to "reach the goals of the Paris

Agreement" 27 years in the future—which she did not—she does not articulate any breach. KLM

explained that in an effort to manufacture a claim, Ms. Dakus misrepresents the terms of the Paris

Agreement—another point Ms. Dakus failed to address. (*See* Br. at 16-17.) What the Paris

Agreement provides is that the signatories will work "to limit the global temperature increase in

this century to 2 degrees Celsius *while pursuing efforts* to limit the increase even further to 1.5

degrees." United Nations, The Paris Agreement (emphasis added),

https://www.un.org/en/climatechange/paris-agreement (last accessed March 2, 2023). Thus,

KLM's statements about working toward well below 2º C are true and there is no

misrepresentation. Moreover, Ms. Dakus cannot predict whether or not these goals ultimately will

be met; instead, she alleges that there is "a very high probability" that they will not be. (FAC, ¶

34.) That is not enough.[8]

## V.    The Unjust Enrichment Claim Fails.

KLM established that, among other things, Texas does not recognize unjust enrichment as

an independent cause of action and the claim is duplicative under New York law. (Br. at 23-24.)[9]

In response, Ms. Dakus concedes that her claim is duplicative but asserts that that it is an

---

[8] Ms. Dakus is incorrect that the Court must wait until her deposition to determine that she did not know she was flying with KLM until after ACIS booked her flight. (Opp. at 4.) This is knowledge that Ms. Dakus herself should know today (and when she filed suit) and that judicially noticeable documents contradict. As to her musings about some "third-party beneficiary" theory, she does not attempt to plead any such claim. (*Id.*)

[9] To the extent the Court considers the claim viable under Texas law, the claim still fails because Ms. Dakus concedes KLM made no misrepresentations and that she has not adequately pled that KLM was unjustly enriched. (Br. at 23-24.)

independent cause of action that she can plead "alternatively or hypothetically" citing page 31 of KLM's brief. (Opp. at 7.) But there is no page 31 and that phrase does not appear in KLM's brief or in the cases to which Ms. Dakus cites. It is unclear what she means by pleading the claim "hypothetically," but the FAC does not plead unjust enrichment in the alternative.

In any event, her "argument that [her] unjust enrichment claim is pleaded in the alternative is of no moment." *Zachmann v. Coleman Co.*, 2022 WL 161480, at *8-9 (S.D.N.Y. Jan. 18, 2022) (dismissing claim). "[E]ven pleaded in the alternative, claims for unjust enrichment will not survive a motion to dismiss where plaintiffs fail to explain how their unjust enrichment claim is not merely duplicative of their other causes of action." *Nelson v. MillerCoors, LLC*, 246 F. Supp. 3d 666, 679 (E.D.N.Y. 2017) (citation omitted). Ms. Dakus does not attempt to explain how her unjust enrichment claim differs from her other claims. They do not.

## VI.    The Plaintiff Cannot Assert Claims Under Other States' Consumer Fraud Statutes.

Ms. Dakus impliedly concedes that she cannot bring her multi-state consumer fraud act claims for states with which she has no connection (Br. at 24-25), because she only argues that such a determination is premature, not incorrect. (Opp. at 6-7 (incorrectly citing to KLM's brief, *Kaufman v. Sirius XM Radio, Inc.*, 751 F. Supp. 2d 681, 688 (S.D.N.Y. 2010), *aff'd*, 474 F. App'x 5 (2d Cir. 2012), and *In re HSBC Bank, USA, N.A., Debit Card Overdraft Fee Litig.*, 1 F. Supp. 3d 34, 49 (E.D.N.Y. 2014), *on reconsideration*, 14 F. Supp. 3d 99 (E.D.N.Y. 2014), all of which contradict that proposition; and *Lyons v. Litton Loan Servicing LP*, 158 F. Supp. 3d 211 (S.D.N.Y. 2016) does not involve consumer fraud claims).) Courts routinely dismiss claims brought under the consumer protection statutes of other states at the motion to dismiss stage. (Br. at 25 (collecting cases).) Respectfully, this Court should follow this line of authority.

## CONCLUSION

KLM respectfully requests that this Court dismiss the FAC in its entirety with prejudice.

Dated: March 15, 2023                         Respectfully submitted,

                                              DLA Piper LLP (US)

                                              */s/ Keara M. Gordon*
                                              Keara M. Gordon

                                              *Attorney for Defendant*
                                              *Koninklijke Luchtvaart Maatschappij, N.V.*

CERTIFICATE OF SERVICE

The undersigned certifies that on March 15, 2023, the foregoing Reply in Support of

KLM's Motion to Dismiss the First Amended Complaint was electronically filed with the Clerk

of the Court using the CM/ECF system and thereby served on the following counsel:

Spencer Sheehan
Sheehan & Associates, P.C.
60 Cuttermill Rd Ste 412
Great Neck, NY 11021
spencer@spencersheehan.com
*Counsel for Plaintiff*

Dated: March 15, 2023

/s/ Keara M. Gordon
Keara M. Gordon

1