UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KANDUS DAKUS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>KONINKLIJKE LUCHTVAART MAATSCHAPPIJ, N.V.,<br><br>Defendant. | Civil Action No. 1:22-cv-07962-RA |

**NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendant Koninklijke Luchtvaart Maatschappij, N.V. ("KLM") respectfully notifies the Court of the following supplemental authority in further support of its motion to dismiss plaintiff Kandus Dakus' First Amended Complaint (ECF No. 19): *English v. Danone N. Am. Pub. Benefit Corp.,* 2023 WL 4187515 (S.D.N.Y. June 26, 2023). A true and correct copy of the decision is attached as Exhibit 1.

In *English* (also brought by Ms. Dakus' counsel), the plaintiff—a Texas resident—purchased a coffee creamer in Texas and attempted to assert claims under N.Y. General Business Law §§ 349 and 350 ("GBL"), claims under the consumer protection laws of various states, and for unjust enrichment, among others. *Id.* at *2-3.

First, the Court dismissed the GBL claims because a plaintiff can only assert them if "the allegedly deceptive *transaction* occurred in New York." *Id.* at *2 (citing *Goshen v. Mut. Life Ins. Co. of New York*, 98 N.Y.2d 314, 32 (2002)) (emphasis added). As the Court explained, "Plaintiff is a Texas citizen who purchased the Product in Texas. Thus, the purportedly deceptive transaction occurred in Texas, notwithstanding that defendant's principal place of business is in New York,

'which is irrelevant when deciding whether plaintiff's purchase of the Product is a transaction protected by the GBL.'" *Id.* at *3 (quoting *Miramontes v. Ralph Lauren Corp.*, 2023 WL 3293424, at *5 (S.D.N.Y. May 5, 2023) (alterations omitted)).

The Court also dismissed the multi-state consumer fraud claims "because plaintiff is a Texas citizen and fails to otherwise state a claim for the Product she actually purchased in Texas, she has not plausibly alleged she was injured and thus lacks standing to assert claims under the consumer protection statutes of these other states." *Id.* at *7 (citation and alterations omitted).

Finally, the Court dismissed the unjust enrichment claim because it was "duplicative of her other claims." *Id.* at *6.

Dated: July 12, 2023                                Respectfully submitted,

**DLA PIPER LLP (US)**

  /s/ *Keara M. Gordon*
Keara M. Gordon
Colleen Carey Gulliver
Haley D. Torrey*
1251 Avenue of the Americas
New York, New York 10020-1104
Phone: (212) 335-4500
Facsimile: (212) 335-4501
keara.gordon@us.dlapiper.com
colleen.gulliver@us.dlapiper.com
haley.torrey@us.dlapiper.com

*Admitted *pro hac vice*

*Attorneys for Defendant Koninklijke Luchtvaart Maatschappij, N.V.*

**CERTIFICATE OF SERVICE**

      I hereby certify that I am one of the attorneys for the defendant in this action and that on July 12, 2023, I caused a copy of the foregoing to be filed with the Court's ECF system, which will cause notice of its filing to be served electronically upon all counsel who have appeared in this action.

                                                          */s/ Keara M. Gordon*
                                                          Keara M. Gordon