UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KANDAS DAKUS, *individually and on behalf of all others similarly situated*,

                        Plaintiff,

                    v.

KONINKLIJKE LUCHTVAART MAATSCHAPPIJ, N.V.,

                        Defendant.

No. 22-CV-7962 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

      Now pending before the Court is Defendant's motion to dismiss the First Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For its 12(b)(1) motion, Defendant raises a factual challenge as to whether Plaintiff has established Article III standing in this action. Where, as here, a jurisdictional challenge is factual, a defendant may "proffer[] evidence beyond the Pleading," and if that evidence "'reveal[s] the existence of factual problems' in the assertion of jurisdiction," then the plaintiff must "come forward with evidence of their own to controvert that presented by the defendant." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56–57 (2d Cir. 2016) (quoting *Exchange Nat. Bank of Chicago v. Touche Ross & Co.*, 544 F.2d 1126, 1131 (2d Cir. 1976)). In such a case, "no presumptive truthfulness attaches to the complaint's jurisdictional allegation; rather, the burden is on the plaintiff to satisfy the Court, as fact-finder, of the jurisdictional facts." *Tasini v. New York Times Co.*, 184 F. Supp. 2d 350, 353 (S.D.N.Y. 2002). The plaintiff, as the party asserting jurisdiction, must "prov[e] by a preponderance of the evidence that [jurisdiction] exists." *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014).

In support of its jurisdictional challenge here, Defendant has submitted, among other things, a Declaration of KLM's Senior Vice President North America stating that a third-party organization, American Council for INTL Studies ("ACIS"), booked Plaintiff's airline ticket, *see* Dkt. 21, Ex.1 ¶ 5, as well as said organization's Terms and Conditions, which indicate that it only provides airline information to customers after payment has been remitted, *see id.*, Ex. 3. *See also id.* at 2–3 (stating that "[a]irline eticket information will be sent only if full payment and the signed release from all participants has been received by ACIS," and that "[t]he particular airline used shall be determined by ACIS"). These materials suggest that Plaintiff did not "rel[y] on" the "promises, commitments, plans, and pictures by KLM about its efforts to limit the effects of climate change when she purchased her flight," as she alleges. Compl. ¶¶ 54–56. Plaintiff's opposition to the motion does not address Defendant's factual submissions for jurisdictional purposes, instead relying on the familiar standard for 12(b)(6) purposes that a court "must accept all well-pleaded allegations as true." Opp. at 2.

In light of Defendant's submissions, Plaintiff shall file any additional materials, or any additional argument, to rebut the factual challenge to jurisdiction no later than July 26, 2023.

SO ORDERED.

Dated:   July 13, 2023
         New York, New York

                                                   _____
                                                   Hon. Ronnie Abrams
                                                   United States District Judge