

DLA Piper LLP (US)
1251 Avenue of the Americas
27th Floor
New York, New York 10020-1104
www.dlapiper.com

Keara M. Gordon
keara.gordon@dlapiper.com
T  212.335.4632
F  212.884.8632

August 10, 2023

*Via ECF*

The Honorable Ronnie Abrams
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    *Dakus v. Koninklijke Luchtvaart Maatschappij, N.V.*, **1:22-cv-07962-RA**
             **Response to Plaintiff's Declaration**

Dear Judge Abrams:

      We represent Koninklijke Luchtvaart Maatschappij, N.V. ("KLM") in the above-referenced action. Pursuant to Your Honor's July 28, 2023 Order (ECF No. 31), KLM submits this letter in response to the plaintiff's July 25, 2023 declaration in opposition to KLM's Motion to Dismiss the First Amended Complaint ("FAC") ("Declaration" or "Decl."). (ECF No. 29.)

      On its factual challenge to jurisdiction, KLM established that Ms. Dakus lacks Article III standing because she did not suffer an injury-in-fact that is fairly traceable to KLM's challenged conduct. (*See* Br. 9-11.) Specifically, KLM demonstrated that: Ms. Dakus did not choose KLM as the airline she would fly; she did not choose to purchase SAF[1] or contribute to KLM's reforestation projects; and she did not review the challenged statements before her travel was booked. In reality, Ms. Dakus, a teacher, apparently signed up to serve as a chaperone for a school trip. A third-party group travel company, ACIS, decided which airline she flew, booked her ticket, and likely did not inform her of her travel arrangements until after she paid for the ticket. She then funded the ticket, in whole or in part, via her GoFundMe page and received "complimentary benefits from ACIS" in connection with the trip.

      After KLM laid all of this out in its motion to dismiss, Ms. Dakus chose not to submit any facts to rebut the factual challenge in her Opposition. The Court provided Ms. Dakus with another chance to do so, and on July 25, 2023, Ms. Dakus submitted her Declaration. Rather than support a finding of subject matter jurisdiction, the Declaration repeatedly contradicts the allegations in the FAC and confirms that Ms. Dakus lacks Article III standing, as set forth below.

---

[1] Capitalized terms not defined herein have the same meaning as set forth in KLM's Memorandum of Law in support of its Motion to Dismiss ("Brief" or "Br.").



Ms. Dakus' admissions expressly and repeatedly contradict the core allegations in her FAC:

| FAC | DECLARATION |
|---|---|
| "Plaintiff ***chose between*** KLM and other airlines which did not tout their environmental attributes" (FAC ¶ 55 (emphasis added).) | "[I] ***was not initially aware*** that the flights arranged by ACIS would be with KLM . . . ." (Decl. ¶ 10 (emphasis added).) |
| "Plaintiff . . . spent more money ***by booking a flight on KLM*** than with another airline . . . ." (FAC ¶ 72 (emphasis added).) | "[I] traveled in Europe through a ***tour arranged by*** the American Council for International Studies ("ACIS") . . . ." (Decl. ¶ 4 (emphasis added).) |
| "Plaintiff ***saw and relied on*** KLM's voluntary representations with respect to limiting climate change . . . ." (FAC ¶ 65 (emphasis added).) | "[I] was not initially aware that the flights arranged by ACIS would be with KLM . . . . ***Upon being informed . . ., I learned about its promises and commitments*** to limit its contributions to climate change . . . ." (Decl. ¶¶ 10-11 (emphasis added).) |
| "Plaintiff ***relied*** on the above-identified words, promises, commitments, plans, and pictures by KLM about its efforts to limit the effects of climate change ***when she purchased her flight***." (FAC ¶ 54 (emphasis added).) | "I ***relied***, in part, on KLM's promises and commitments to limit its contributions to climate change, ***in deciding to not cancel my trip*** . . . ." (Decl. ¶ 13 (emphasis added).) |
| "Plaintiff ***entered into a contract with [KLM]*** when she paid for a flight on KLM." (FAC ¶ 69 (emphasis added).) | "[***I***] ***paid*** over $5,700 ***to ACIS*** for the airline flights and other accommodations." (Decl. ¶ 6 (emphasis added).) |

These admissions confirm that Ms. Dakus initially contracted with ACIS, not KLM, and that she did not have a say in the airline she flew for this school trip. (Decl. ¶ 4.) She further admits that ACIS booked her flight, not her, and that she did not review KLM's sustainability statements until *after* ACIS contracted with KLM on her behalf. (*Id.* ¶¶ 10-11.)

These admissions demonstrate that to the extent Ms. Dakus has any injury-in-fact (which she does not), it is not fairly traceable to KLM's actions. Ms. Dakus admits that not only did she not select or purchase the flight, but she did not review KLM's alleged challenged statements prior to ACIS booking her flight. (*See* Br. 9-11.) Moreover, a plaintiff must demonstrate that that "[s]he has seen the misleading statements of which [s]he complains *before* [s]he came into possession of the products [s]he purchased" to assert a GBL claim. *Housey v. Procter & Gamble Co.*, 2022 WL 874731, at *3 (S.D.N.Y. Mar. 24, 2022) (emphasis added) (citation omitted); *see also Zachmann v. Coleman Co. Inc.*, 2022 WL 161480, at *4 (S.D.N.Y. Jan. 18, 2022) (dismissing GBL claims where the plaintiff failed to allege she ever saw the challenged labeling statements prior to her


The Honorable Ronnie Abrams
August 10, 2023
Page Three

purchase).

Ms. Dakus also fails to address (much less contradict) certain material portions of KLM's factual challenge. She states that she "paid over $5,700 to ACIS for the airline flights and other accommodations" (Decl. ¶ 6) but fails to address the fact that she received (1) $1,930.00 from her GoFundMe page and her ticket on KLM only cost $1,405.57 and (2) "complimentary benefits" from ACIS. *See DeCostanzo v. GlaxoSmithKline PLC*, 2022 WL 17338047, at *7 (E.D.N.Y. Nov. 29, 2022) ("plaintiff cannot make a showing of pecuniary harm in the form of a price premium because she did not pay for" the product).

Ms. Dakus also fails to respond to the fact that she did not buy SAF or contribute to KLM's reforestation projects and ACIS did not buy them on her behalf. (*See* Br. at 11.) Because she did not actually contract for those initiatives, she was not harmed. *See, e.g., Akridge v. Whole Foods Mkt. Grp., Inc., 2022 WL 955945*, at *5-8 (S.D.N.Y. Mar. 30, 2022) (no standing where plaintiff did not plausibly allege he purchased the product); *Pels v. Keurig Dr. Pepper, Inc.*, 2019 WL 5813422, at *5 (N.D. Cal. Nov. 7, 2019) (no "particularized injury" when plaintiff did not adequately plead he bought the product).

Finally, in sharp departure from her allegations in the FAC and arguments in her opposition brief, Ms. Dakus introduces a brand-new theory of standing. She now appears to base standing on the fact that she contracted with ACIS and purchased ACIS' insurance for her trip, and she did not cancel her trip—"in part"—because KLM's sustainability statements were "consistent with [her] personal values." (Decl. ¶¶ 9; 12-13.) As a preliminary matter, KLM questions whether the plaintiff's statements are truthful. Ms. Dakus was acting as a chaperone on a school trip as part of her job as a teacher. It is not plausible that she would have reneged on her promise to chaperone the trip if ACIS selected an airline that did not have a sustainability program to her liking.

In any event, KLM is aware of no authority establishing that Article III standing can be predicated on a purported post-contractual decision not to use trip cancellation insurance. KLM's aspirational website statements did not form a binding contract, and certainly not one created after ACIS has already purchased the plaintiff's ticket and the trip insurance. *See Rynasko v. New York Univ.*, 2021 WL 1565614, at *3 (S.D.N.Y. Apr. 21, 2021) (no injury in fact where no contract alleged); *see also* Br. at 14-17.

Accordingly, Ms. Dakus lacks Article III standing because she did not suffer an injury-in-fact that is fairly traceable to KLM's challenged conduct, and her claims are meritless.

We are available to discuss at the Court's convenience.



The Honorable Ronnie Abrams
August 10, 2023
Page Four

Sincerely,

*/s/ Keara M. Gordon*
Keara M. Gordon

*Counsel for Koninklijke Luchtvaart Maatschappij, N.V.*