UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KANDUS DAKUS, Individually and on behalf of all others
similarly situated,

Plaintiff,

-vs-

KONINKLIJKE LUCHTVAART MAATSCHAPPIJ, N.V.,

Defendant.

Civil Action No. 1:22-cv-07962-RA
Hon. Ronnie Abrams

## MEMORANDUM OF LAW IN REPLY TO ORDER TO SHOW CAUSE

COSTELLO, COONEY & FEARON, PLLC
Attorneys for Plaintiff's Counsel,
  Spencer Sheehan
Office and Post Office Address
211 West Jefferson Street, Suite 1
Syracuse, New York 13202
Telephone:  (315) 422-1152

DANIEL R. ROSE,
  Of Counsel

## PRELIMINARY STATEMENT

Spencer Sheehan submits this Reply Memorandum of Law in further response to this Court's Order to Show Cause regarding Federal Rule of Civil Procedure Rule 11 sanctions and in opposition to the arguments raised in the Response of Defendant Koninklijke Luchtvaart Maatschappij, N.V. ("KLM"). (Dkt. No. 41, 41-1, 41-2, and 41-3).

For the reasons detailed below, contrary to the urging of KLM, sanctions cannot be imposed against Mr. Sheehan under 28 U.S.C. § 1927 or the Court's "inherent authority" because this Court never put Mr. Sheehan on notice of any possible sanctions under these authorities. Additionally, KLM has not provided any support for its conclusory assertion Mr. Sheehan acted in "bad faith" to support Rule 11 sanctions. Therefore, it is respectfully submitted that no sanctions should be imposed against Mr. Sheehan.

## ARGUMENT

### POINT I

### SANCTIONS CANNOT BE IMPOSED BY THIS COURT AGAINST MR. SHEEHAN UNDER 28 U.S.C. § 1927 OR THE COURT'S "INHERENT AUTHORITY" AS NO NOTICE WAS PROVIDED TO MR. SHEEHAN BY THE COURT UNDER THESE AUTHORITIES

In this Court's September 12, 2023, Opinion & Order (Docket No. 33), this Court *sua sponte* directed that "Plaintiff's counsel is ordered to show cause . . . why sanctions pursuant to *Federal Rule of Civil Procedure 11* should not be levied against him" where Mr. Sheehan "appears to have violated Rule 11(b)(3)." (Dkt. No. 33 at 13) (emphasis added). In providing this directive, this Court noted "serious concerns about Plaintiff's filings in this case—given the significant and direct inconsistencies between the allegations in the Complaint and those contained in Plaintiff's

supplemental declaration." (*Id.*).   Mr. Sheehan explicitly addressed these concerns in his initial response papers to the Court. (Dkt. No. 39).

In arguing for the imposition of sanctions against Mr. Sheehan, KLM does not limit its arguments to those concerns raised by the Court in its order to show cause, or even to the applicable authority under which this Court provided notice and is considering imposition of sanctions, namely under Rule 11(c)(3). (Dkt. No. 41).  Respectfully, and for the reasons detailed below, the arguments presented by KLM should not be considered by this Court and do not serve as a basis to impose sanctions against Mr. Sheehan.

**A.    Insufficiency of Notice as to Sanctions Under 28 U.S.C. § 1927 or The Court's Inherent Authority**

No notice was provided to Mr. Sheehan that he could be sanctioned under 28 U.S.C. § 1927 and/or the Court's "inherent authority" as argued by KLM[1]  Therefore, it is respectfully submitted that this Court cannot sanction Mr. Sheehan under either of these authorities.

Federal law provides three distinct avenues for a Court to impose sanctions against an attorney:

> (1) Federal Rule of Civil Procedure 11 permits a court to sanction an attorney for a violation of Rule 11(b)(3). *See* Fed. R. Civ. P. 11(b)(3); Fed. R. Civ. P. 11(c)(3);

---

[1] Notably, KLM essentially concedes that Mr. Sheehan was not provided the required notice. (Dkt. No. 41 at 16) ("KLM expects that the plaintiff's counsel will argue that he must be provided notice and an opportunity to be heard before the Court can impose sanctions under Section 1927."). (*Id.*).  As detailed herein, KLM does not cite to any authority which would permit this Court to deprive Mr. Sheehan of the necessary due process.  Rather, KLM relies on *Hernandez v. Money Source Inc.*, 17-cv-6919 (GRB)(AYS), 2022 WL 2702894, at *8 (E.D.N.Y. July 12, 2022) wherein the Court provided notice it may impose sanctions under Section 1927 and thoroughly detailed the purported conduct under which sanctions may be imposed.

(2) Under 28 U.S.C. § 1927, an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously" may be held to account for the excess fees and other costs resulting from her improper conduct. *See* 28 U.S.C.A. § 1927; and

(3) A court has the inherent authority to impose sanctions against an attorney for actions taken in bad faith "if there is clear evidence that the conduct at issue is (1) entirely without color and (2) motivated by improper purposes." *Wolters Kluwer Fin. Servs., Inc. v. Scivantage*, 564 F.3d 110, 114 (2d Cir. 2009).

" ' "[D]ue process requires that courts provide notice and opportunity to be heard before imposing *any* kind of sanctions." ' " *Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 334 (2d Cir. 1999) (emphasis in original) (quoting *Ted Lapidus, S.A. v. Vann*, 112 F.3d 91, 96 (2d Cir. 1997)). The Second Circuit has held "the notice requirement to mean 'specific' notice of the sanctioning authority being considered and the conduct alleged to be sanctionable." *Ted Lapidus*, 112 F.3d at 96 (citing *Zuk v. Eastern Pa. Psychiatric Inst. of Med. College of Pa.* 103 F.3d 294, 298 (3d Cir.1996), and *Jones v. Pittsburgh Nat'l Corp.*, 899 F.2d 1350, 1357 (3d Cir.1990)). In other words, "at a minimum, the notice requirement mandates that the subject of a sanctions motion be informed of," and "the source of authority for the sanctions being considered." *Truong v. Hung Thi Nguyen*, 503 F. App'x 34, 35–36 (2d Cir. 2012) (citation and internal quotation marks omitted). "The purpose of particularized notice is to put counsel 'on notice as to the particular factors that he must address if he is to avoid sanctions.' " *Ted Lapidus*, 112 F.3d at 96 (citing *Jones*, 899 F.2d at 1357).

Here, the Court only provided Mr. Sheehan notice that he could be sanctioned under Rule 11(c)(3) for a potential violation of Rule 11(b)(3). (Dkt. No. 33). Therefore, he was never on notice he could instead be sanctioned under either 28 U.S.C. § 1927 or the Court's inherent authority. As such, as a matter of due process, this Court cannot consider sanctions against Mr.

Sheehan under either authority. *See, e.g.*, *Ted Lapidus*, 112 F.3d at 96 (holding that notice of possible sanctions under Rule 11 did not provide notice of possible sanctions under 28 U.S.C. § 1927); *Truong*, 503 F. App'x at 35–36 (holding that no sanctions could be imposed where the court failed to provide notice of the authority under which sanctions would be imposed, including the court's inherent authority).

It respectfully submitted that this Court should similarly reject KLM's position that KLM's responsive papers provide Mr. Sheehan with the requisite notice that sanctions could be imposed against him under Section 1927 or the Court's "inherent authority" because Mr. Sheehan "will have the opportunity to be heard before the Court through his reply to this response." (Dkt. No. 41at 16). This is simply inadequate notice, and KLM should not be constitutionally permitted to unilaterally expand this Court's order to show cause beyond something it is not. KLM also does not cite any authority that supports the notion that its responsive papers provide the necessary notice to satisfy due process. Rather, the case relied upon by KLM, *George v. Professional Disposables Int'l, Inc.*, No. 15-CV-3385 (RA), 2018 WL 2148762 (S.D.N.Y. May 1, 2018), does not stand for the proposition that an adversary may raise additional grounds for sanctions in responsive papers to an Order to Show Cause. In fact, *George* demonstrates the contrary. There, this Court "for the reasons stated on the record, . . . ordered [p]laintiff's counsel . . . to show cause by December 15, 2017, why he should not be sanctioned for his conduct in this case." *Id.*, at *1. The Court noted in its Memorandum Opinion and Order that the plaintiff's counsel "had ample warning of the grounds for which the Court is considering sanctioning him and has been given numerous opportunities to respond orally in Court as well as in writing." (*Id.*). The same would not be true here if the Court considered sanctions under either Section 1927 or its inherent

authority, where the Court's Order to Show Cause specifically cited only to Rule 11. Mr. Sheehan

was simply never on notice from this Court it would consider sanctions against him.

Finally, the request of KLM that this Court "order additional briefing specifically to

address whether it is appropriate to impose sanctions under Section 1927" should also be denied.

(Dkt. No. 41 at 17). There is no doubt this Court has already carefully considered its basis for

directing its order to show cause for possible sanctions against Mr. Sheehan. Respectfully,

expanding the basis for possible sanctions is not warranted in this litigation, which has now reached

its conclusion apart from the pending sanctions issue.

**B.    Insufficiency of Notice as to Alleged Conduct to be Sanctioned**

KLM also failed to contain its arguments to the noticed conduct questioned by this Court

in its Order and as related to the instant matter. (Dkt. No. 33). This Court's notice to Mr. Sheehan

raised the Court's concerns regarding the inconsistencies in allegations between the Complaint

and Plaintiff's supplemental declaration. (*Id.*). Specifically, this Court wrote:

> [G]iven the significant and direct inconsistencies between the allegations in the
> Complaint and those contained in Plaintiff's supplemental declaration [and] . . .
> [g]iven the demonstrably false allegations in the Complaint, by Plaintiff's own
> admission in her supplemental declaration, her counsel's certification to the Court
> with that filing appears to have violated Rule 11(b)(3).

(*Id.* at 13).

Instead of focusing its papers solely on this conduct and whether it violated Rule 11(b)(3),

the opening sentence of KLM's Memorandum of Law boldly accuses Mr. Sheehan as being a

"serial abuser of the judicial system." (Dkt. No. 41 at 1 (citing *Keitel v. D'Agostino*, 21-CV-8537

(JMF), 2022 WL 17251372, at *2 (S.D.N.Y. Nov. 28, 2022) (requiring plaintiff Keitel to show

cause under "28 U.S.C. § 1927, Rule 11 of the Federal Rules of Civil Procedure, and/or the

Court's inherent authority" and stating based on plaintiff Keitel's "frivolous motion and the

5

baseless and inflammatory rhetoric he has directed at this tribunal (among others), there is arguably

a solid basis for this Court to join the long list of others that have imposed sanctions on Keitel")))[2]

Importantly, while casting these aspersions, KLM fails to acknowledge Mr. Sheehan has

never been sanctioned by any Court.

As this Court is well aware, it never noticed Mr. Sheehan that he could ever be sanctioned

for "serial abuse of the judicial system." (*See* Dkt. No. 33). In the Second Circuit, "[o]nly conduct

explicitly referred to in the instrument providing notice is sanctionable." *StreetEasy, Inc. v.*

*Chertok*, 752 F.3d 298, 310 (2d Cir. 2014) (citing *Star Mark Mgmt., Inc.*, 682 F.3d 170, 175 (2d

Cir. 2012)); *Ted Lapidus*, 112 F.3d at 97 ("We believe that a sanctioned attorney must receive

specific notice of the conduct alleged to be sanctionable."). As such, any purported conduct raised

by KLM outside of this instant action should not be considered to determine if Rule 11 sanctions

should be imposed. *See Commer*, 272 F. Supp. 2d at 339–40; *Benitez*, 298 F. Supp. 3d at 544.

## POINT II

### MR. SHEEHAN DID NOT ACT WITH SUBJECTIVE BAD FAITH<br>AND RULE 11 SANCTIONS CANNOT BE IMPOSED AGAINST HIM

In its papers, KLM concedes Mr. Sheehan must have acted with subjective bad faith for

this Court to sanction Mr. Sheehan.[3] (Dkt. No. 41at 11–15). However, KLM has not submitted

---

[2] Importantly, the focus of Rule 11 sanctions is papers and arguments explicitly presented to a Court in the litigation in which Rule 11 sanctions are considered, and conduct before other courts or in other matters is beyond the scope of relevant inquiry for Rule 11. *See Commer v. American Fed'n of State, Cnty. & Mun. Emps.*, 272 F. Supp. 2d 332, 339–40 (S.D.N.Y. July 17, 2003), *aff'd*, 390 F.3d 203 (2d Cir. 2004) (Rule 11 sanctions would not be imposed on plaintiff even where plaintiff repeatedly filed lawsuits against defendants based on the same rejected claims alleged in amended complaint in the subject case); *see also Benitez v. King*, 298 F. Supp. 3d 530, 544 (W.D.N.Y. March 29, 2018) (Rule 11 sanctions not imposed where plaintiff was a "prolific litigator" but had never been put on notice that his conduct in other lawsuits could lead to the possible imposition of sanctions in the subject case).

[3] KLM does not provide an analysis of the standard of review under Rule 11 but addresses the "bad faith" requirement under an analysis requesting sanctions under Section 1927.

any arguments demonstrating Mr. Sheehan acted in this manner. Therefore, Rule 11 sanctions are inappropriate.

As set forth in Mr. Sheehan's original response papers, "[s]ubjective bad faith is a heightened *mens rea* standard that is intended to permit zealous advocacy while deterring improper submissions." *Mata v. Avianca, Inc.*, No. 22-CV-1461 (PKC), 2023 WL 4114965, *13 (S.D.N.Y. June 22, 2023); *Braun ex rel. Advanced Battery Techs., Inc. v. Zhiguo Fu*, No. 11cv04383 (CM)(DF), 2015 WL 4389893, *15 (S.D.N.Y. July 10, 2015) (" '[A]ctual knowledge' is required to satisfy the subjective-bad-faith standard."); *see also Rankin v. City of Niagara Falls*, 293 F.R.D. 375, 387 (W.D.N.Y. 2013) ("The higher *mens rea* standard of subjective bad faith applicable to Fed. R. Civ. P. 11(c)(3) sanctions on a court's own initiative has been adopted to reduce the risk that a district court will sanction an attorney and inadvertently dampen attorneys' legitimate, zealous advocacy on behalf of clients."). "It requires more than being 'merely negligent, foolish or mistaken,' and the person must be 'aware of a high probability of the fact in dispute and consciously avoided confirming that fact.' " *Mata*, 2023 WL 4114965, at *13 (quoting *United States v. Svoboda*, 347 F.3d 471, 481–82 (2d Cir. 2003)); *see Securities & Exch. Comm'n v. Smith*, 798 F. Supp. 2d 412, 424 (N.D.N.Y. 2011) (citing *Amlong & Amlong, P.A. v. Denny's, Inc.*, 457 F.3d 1180, 1190 (11th Cir. 2006)) ("Subjective bad faith requires proof of deliberate fraud or wrongdoing."). As such, conduct that constitutes "negligence, "gross negligence", "or even recklessness" is not sufficient for a Court to find conduct sanctionable as committed in bad faith. *Braun*, 2015 WL 4378783, at *15.

As related to this Court's concerns regarding "the significant and direct inconsistencies between the allegations in the Complaint and those contained in Plaintiff's supplemental declaration" (Dkt. No. 33 at 13), KLM alleges that Mr. Sheehan acted with bad faith because of

"conducting a woefully deficient pre-complaint investigation, which was compounded by his failure to insist his client review the Complaint" (Dkt. No. 41at 14).  However, as set forth in the initial responsive papers, even if the Court were to find Mr. Sheehan's conduct to be insufficient in any manner, it would not rise to the level of bad faith necessary to impose sanctions. (Dkt. No. 29 at 7–9).  Mr. Sheehan had no actual knowledge that any of the allegations contained in the Complaint and/or First Amended Complaint were false when they were filed.  *See Braun*, 2015 WL 4389893, at *15.

KLM also points to alleged conduct by Mr. Sheehan in the litigation which is not related to the filing of the Complaint and/or supplemental declaration as reasons to impose sanctions. (Dkt. No. 41at 14).  These include (a) "affirmatively deciding to rely on the false allegations in the FAC after being made aware of the truth"; (b) "repeatedly failing to withdraw the false claims"; (c) "submitting an Opposition stating KLM's arguments are 'without merit' when they were in fact legally and factually accurate"; and (d) "submitting a declaration from his client in opposition to KLM's factual challenge, which asserted a new spurious theory of purported standing and injury in an attempt to keep the case alive." (*Id.*).  It is submitted that these reasons should not be considered by the Court as Mr. Sheehan was not even on notice of this conduct as a basis for imposing sanctions.  *StreetEasy, Inc. v. Chertok*, 752 F.3d at 310 (citing *Star Mark Mgmt., Inc. v. Koon Chun King Kee Soy & Sauce Factory, Ltd.*, 682 F.3d 170, 175 (2d Cir. 2012)); *Ted Lapidus*, 112 F.3d at 97.  Instead, this Court's Order specifically noted inconsistencies in plaintiff's pleadings and her supplemental declaration, and any sanctions inquiry must be contained to those papers.

Moreover, the case cited by KLM, *Kaufman v. Equifax Information Services., LLC*, No. 18-cv-7420 (BMC), 2019 WL 3997461, at *3 (E.D.N.Y. Aug. 22, 2019), has no bearing on the

8

question whether Mr. Sheehan acted in bad faith under Rule 11. (Dkt. 41at 14). In *Kaufman*, the

defendants did not seek sanctions under Rule 11, but instead, by motion under 28 U.S.C. § 1927,

15 U.S.C. § 1681n(c) and the Court's inherent authority. *Kaufman*, 2019 WL 3997461, at *2.

Before motions were filed, the defendants' counsel provided documents and information to the

plaintiff demonstrating the lack of merit to the claims at issue. *Id.*, at *1. At an initial status

conference, the Court "assessed the merits of plaintiff's claims based on the documents and

information counsel provided, [and] determined that plaintiff's claims were likely unmeritorious,

and urged plaintiff to withdraw his claims." *Id.* Despite the Court's urging, the plaintiff did not

do so, notwithstanding several opportunities to withdraw. *Id.*, at *1, *3. In light of the plaintiff's

refusal to withdraw his claims, the defendants filed a motion for summary judgment. *Id.*, at *1.

In response to the motion for summary judgment, the plaintiff moved to dismiss his own claim

under Federal Rule of Civil Procedure 41(a)(2), with each party bearing its own costs. *Id.* The

defendants joined the plaintiff's motion, but requested the plaintiff pay their attorneys' fees under

the various above-referenced authorities. *Id.* The Court ultimately held sanctions were allowable

because "Courts may condition dismissal of claims under Federal Rule of Civil Procedure 41(a)(2)

on payment of attorney's fees when there is an independent statutory authority for such an award."

*Id.*, at *3. The Court then imposed sanctions against the plaintiff's attorney under 28 U.S.C.

§ 1927. *Id.*

    In this case, Mr. Sheehan never requested a dismissal of Plaintiff's claims under Rule

41(a)(2), and, as detailed above, sanctions may not be considered under Section 1927. As such,

the holding in *Kaufman* has no bearing on the issue at hand, i.e., whether Rule 11 sanctions should

be imposed against Mr. Sheehan for a violation under Rule 11(b)(3). Even if this Court were to

find the *Kaufman* case applicable (which it respectfully is not), Mr. Sheehan was never asked to

voluntarily dismiss the action by either KLM's counsel and/or the Court prior KLM's filing of its motion to dismiss. KLM has not provided a declaration demonstrating its counsel reached out to Mr. Sheehan before the filing of KLM's motion to dismiss, to present him with any documents it relied upon and which purportedly contradicted the allegations in the First Amended Complaint. As such, this is not a case like *Kaufman* wherein the plaintiff had "multiple opportunities to voluntarily dismiss these claims" but chose not to. *Kaufman*, 2019 WL 3997461 at *3. In sum, KLM has provided this Court with neither legal authority nor factual material which would warrant Rule 11 sanctions against Mr. Sheehan.

## CONCLUSION

For the foregoing reasons and those set forth in the initial response papers, it is respectfully submitted this Court should not impose Rule 11 sanctions against Mr. Sheehan.

**DATED:    October 31, 2023**

**COSTELLO, COONEY & FEARON, PLLC**

**DANIEL R. ROSE**
**Attorneys for Plaintiff's Counsel,**
  **Spencer Sheehan**
**Office and Post Office Address**
**211 West Jefferson Street, Suite 1**
**Syracuse, New York 13202**
**Telephone: (315) 422-1152**

**DANIEL R. ROSE,**
  **Of Counsel**

10