

**DLA Piper LLP (US)**
1251 Avenue of the Americas
27th Floor
New York, New York 10020-1104
www.dlapiper.com

Keara M. Gordon
keara.gordon@dlapiper.com
T   212.335.4632
F   212.884.8632

December 8, 2023

*VIA ECF*

The Honorable Ronnie Abrams
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

   Re: *Dakus v. Koninklijke Luchtvaart Maatschappij, N.V.*, **1:22-cv-07962-RA**
      **Supplemental Authority in Further Support of KLM's Response to**
      **Plaintiff's Response to Order to Show Cause**

Dear Judge Abrams:

  We represent Koninklijke Luchtvaart Maatschappij, N.V. ("KLM") in the above-referenced action. We write to bring two items to the Court's attention in further support of KLM's Response to Plaintiff's Response to Order to Show Cause. ECF No. 41.

  First, on November 30, 2023, Judge Frederick J. Scullin, Jr. of the Northern District of New York issued an opinion holding the plaintiff's counsel "in civil contempt of court" for acting in bad faith in bringing that action and further "reserve[d] decision on the nature of final sanctions." *Brownell v. Starbucks Coffee Co.*, No. 5:22-cv-1199, ECF No. 41 (N.D.N.Y. Nov. 30, 2023). A copy of the opinion is attached as Exhibit A.

  In *Brownell*, the plaintiff alleged that that she was misled by the statement "100% Arabica Coffee" on Starbucks Coffee Company's French Roast Ground 100% Arabica Coffee (the "Product") because she believed there were no additives, including potassium, in the Product. Ex. A. at 1-2; *see also Brownell v. Starbucks Coffee Co.*, 2023 WL 4489494, at *1 (N.D.N.Y. July 12, 2023). In dismissing the complaint and the plaintiff's claims, including violations of the New York General Business Law §§ 349 and 350, "[t]he Court found that Mr. Sheehan filed a frivolous complaint . . . when he made meritless claims in Plaintiff's complaint based on an unreasonable interpretation of a food label and ***without providing any support for Plaintiff's allegations***." Ex. A at 6 (emphasis added). "[B]ased on Mr. Sheehan's history and experience in similar cases, which courts have dismissed for failure to state a claim . . . the Court ordered that Mr. Sheehan must show cause as to why he should not be sanctions for continually filing frivolous lawsuits in this District." *Id.* at 13-14 (citations omitted).

  In its November 30, 2023 opinion, the Court ultimately found that the plaintiff's counsel



The Honorable Ronnie Abrams
December 8, 2023
Page Two

acted in "bad faith" when he "filed [the] Complaint without any studies, relevant caselaw, or reasonable interpretations of the wording on the Product label to support the allegations contained within." Ex. A. at 19. Like in *Brownell*, here the plaintiff's counsel acted in bad faith by bringing suit against KLM without conducting a proper investigation into the basic facts of the Complaint.

Second, on November 13, 2023, the plaintiff's counsel filed yet *another* frivolous complaint against KLM in the Eastern District of Michigan containing substantially identical allegations as the *Dakus* action and the *Long* action that he filed in Virginia federal court. *Simijanovic v. Koninklijke Luchtvaart Maatschappij, N.V.*, No. 2:23-cv-12882, ECF No. 1 (E.D. Mich. Nov. 13, 2023), attached here as Exhibit B. In the complaint, the plaintiff—Mr. Simijanovic—alleges that KLM's "Fly Responsibly" initiative and sustainability efforts, including KLM's option for passengers to reduce their environmental impact by purchasing Sustainability Aviation Fuel ("SAF") or contribute to reforestation projects, are misleading because they are insufficient to combat climate change. *See generally*, Ex. B. Just like Ms. Dakus, Mr. Simijanovic did not purchase any SAF or otherwise contribute to KLM's offset programs. *See* Declaration of Eric Canon, dated December 7, 2023, ¶¶ 8-9. Mr. Simijanovic cannot possibly have been injured or misled by KLM's offered sustainability initiatives when he chose not to purchase them.

Once again, it appears that either the plaintiff's counsel knew the allegations in the *Simijanovic* were meritless, or he failed to conduct a basic, proper investigation of the facts underlying the *Simijanovic* complaint before filing suit. Regardless, both amount to bad faith. This lack of investigation is particularly troubling given that this Court currently is considering whether to impose sanctions against the plaintiff's counsel for similar conduct here.

The *Simijanovic* Complaint is also troubling because it asserts claims for violation of the Michigan Consumer Protection Act and fraud, which are clearly preempted by the Airline Deregulation Act of 1978, 49 U.S.C. § 41713 ("ADA"). *See, e.g., Morales v. Trans World Airs., Inc.*, 504 U.S. 374, 390-93 (1992) (consumer protection claim preempted); *American Airs., Inc. v. Wolens*, 513 U.S. 219, 228 (1995) (same) *Madorsky v. Spirit Airlines*, 2012 WL 6049095, at *10 (E.D. Mich. Dec. 5, 2012) (same).

Ms. Dakus asserted a fraud claim against KLM (ECF No. 1) in her original complaint and subsequently dropped it in her amended complaint (ECF No. 13), presumably based on the realization that it was preempted by the ADA. And, the plaintiff in *Long* did not assert a fraud claim either. As to the consumer protection claim, KLM established in its motion to dismiss the *Dakus* action that the consumer protection claim was preempted and once again raised preemption in the motion to transfer the *Long* action.

In sum, Judge Scullin's recent admonishment of the plaintiff's counsel and the plaintiff's counsel's continued behavior further demonstrate the need for the Court to issue sanctions here.



The Honorable Ronnie Abrams
December 8, 2023
Page Three

We are available to discuss at the Court's convenience.

    Sincerely,

    */s/ Keara M. Gordon*
    Keara M. Gordon

    *Counsel for Koninklijke Luchtvaart*
    *Maatschappij, N.V.*