UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KANDUS DAKUS,

                Plaintiff,

v.

KONINKLIJKE LUCHTVAART
MAATSCHAPPIJ, N.V.,

                Defendant.

No. 22-cv-7962 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

        On September 12, 2023, the Court ordered Plaintiff's counsel to show cause as to why sanctions should not be levied against him pursuant to Federal Rule of Civil Procedure 11 given the significant and direct inconsistencies between the allegations in the Amended Complaint and those contained in Plaintiff's supplemental declaration. In response, Plaintiff's counsel observes that where, as here, a court considers whether to impose sanctions *sua sponte* under Rule 11, "it 'is akin to the court's inherent power of contempt,' and, 'like contempt, *sua sponte* sanctions in those circumstances should issue only upon a finding of subjective bad faith.'" *Mata v. Avianca, Inc.*, No. 22-CV-1461, 2023 WL 4114965, at *13 (S.D.N.Y. June 22, 2023) (quoting *Muhammed v. Walmart Stores East, L.P.*, 732 F.3d 104, 104 (2d Cir. 2013)). Accordingly, he argues that sanctions are not warranted because he reasonably believed that there was evidentiary support for the allegations in the Complaint and the Amended Complaint when he filed them and he thus did not act in bad faith.

        Even assuming that counsel initially believed that such evidentiary support existed, he appears to have acted in bad faith once he was on notice of the falsity of Plaintiff's allegations. Indeed, both Defendant and the Court highlighted concerns about the veracity of allegations contained in the Amended Complaint. *See* Def.'s Mem. Law Supp. Mot. Dismiss 10, Dkt. No. 20; Gordon Decl. Ex. 1 ¶¶ 4–6, Dkt. No. 21–1; *id*. Exs. 3–4, Dkt. Nos. 21–3 to 21–4; Order 2, Dkt. No. 28 (citing FAC ¶¶ 54–56, Dkt. No. 13). Nonetheless, Plaintiff, through counsel, declined to withdraw or further amend the Amended Complaint, instead continuing to pursue the claims by filing an opposition to the motion to dismiss. That opposition relied on the demonstrably false

allegations contained in Paragraphs 54 through 56 of the Amended Complaint, including in its assertion that "[h]ad Plaintiff known that flying on KLM's airline would not limit the effects of climate change, she would not have paid more for her flight." Pl.'s Mem. Law Opp. Mot. Dismiss 2, Dkt. No. 24 (internal quotations marks omitted). Such conduct appears sanctionable. *See, e.g.*, *Ke v. J R Sushi 2 Inc.*, No. 19-CV-7332, 2022 WL 1496576, at *8, *14 (S.D.N.Y. Feb. 7, 2022), *report and recommendation adopted*, No. 19-CV-7332, 2022 WL 912231 (S.D.N.Y. Mar. 28, 2022) (imposing sanctions and explaining that an attorney acts in bad faith where he "becomes 'aware of the meritless nature of [his client's] claims,' yet continues to pursue the litigation" (alteration in original) (quoting *Baiul v. NBC Sports*, 708 Fed. App'x 710, 715 (2d Cir. 2017) (summary order))); *Ji Li v. New Ichiro Sushi, Inc.*, No. 14-CV-10242, 2020 WL 2094095, at *10-11 (S.D.N.Y. Apr. 30, 2020), *aff'd*, No. 20-1783-CV, 2021 WL 6105491 (2d Cir. Dec. 21, 2021) (imposing sanctions and concluding that counsel acted in bad faith for not withdrawing claims once evidence demonstrated that the plaintiff had no colorable claims).

The Court will give Plaintiff's counsel one more opportunity to convince it that he did not act in bad faith. He is thus hereby ordered to show cause no later than January 25, 2024 as to why the Court should not levy sanctions against him pursuant to Federal Rule of Civil Procedure 11(b)(1)–(3), (c)(1); 28 U.S.C. § 1927; and/or the Court's inherent power. Defendant may file a response, although it is not required to do so, no later than February 8, 2024, to which Plaintiff's counsel may reply no later than February 15, 2024.

SO ORDERED.

Dated:   January 5, 2024
         New York, New York

                                                    _____
                                                    Hon. Ronnie Abrams
                                                    United States District Judge