UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

KANDUS DAKUS, individually and on behalf of all others similarly situated,

                                                                                Plaintiff,

-vs-

KONINKLIJKE LUCHTVAART MAATSCHAPPIJ, N.V.,

                                                                    Defendant.

---

Civil Action No. 1:22-cv-07962-RA
Hon. Ronnie Abrams

---

**SUPPLEMENTAL MEMORANDUM OF LAW IN RESPONSE TO COURT'S SECOND ORDER TO SHOW CAUSE**

---

                                        COSTELLO, COONEY & FEARON, PLLC
                                        Attorneys for Plaintiff's Counsel,
                                          *Spencer Sheehan*
                                        Office and Post Office Address
                                        211 West Jefferson Street, Suite 1
                                        Syracuse, NY 13202
                                        Telephone: (315) 422-1152

**DANIEL R. ROSE,**
**Of Counsel**

## **PRELIMINARY STATEMENT**

Spencer Sheehan submits this Memorandum of Law in response to the Court's Order to Show Cause, dated January 5, 2024, wherein the Court directed Mr. Sheehan to demonstrate why it should not impose sanctions under Rule 11 of the Federal Rules of Civil Procedure; 28 U.S.C. § 1927 and/or the Court's inherent power. As set forth in Mr. Sheehan's previous Declaration, dated October 10, 2023 (Dkt. 39-1), and the accompanying Supplemental Declaration, at no time did Mr. Sheehan act with subjective bad faith or knowingly misrepresent any facts to this Court. Rather, upon learning that certain factual allegations within the Amended Complaint were not true, he prepared a Declaration from the plaintiff clarifying the nature of the transaction in question and pursued an alternative theory of standing. Based upon the controlling principles of law requiring bad faith conduct, defined as unreasonably and vexatiously multiplying litigation or engaging in conduct for an improper purpose, sanctions are inappropriate in the instant case. Rather, it is respectfully submitted that imposing sanctions upon Mr. Sheehan would serve only to unnecessarily chill zealous advocacy and the creativity inherent to the practice of law.

## **ARGUMENT**

### **POINT I**

### **RULE 11 SANCTIONS ARE INAPPROPRIATE**

Mr. Sheehan hereby incorporates by reference as if fully restated herein the contents of his prior submissions in response to the Court's Order to Show Cause of September 12, 2023. (Dkt. Nos. 39, 42). For the reasons set forth therein and below, imposition of sanctions under Rule 11 are not appropriate, as Mr. Sheehan did not act with subjective bad faith in pursuing plaintiff's claims.

## POINT II

## MR. SHEEHAN DID NOT ENGAGE IN BAD FAITH CONDUCT

Under 28 U.S.C. § 1927, "any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess of costs, expenses, and attorneys' fees reasonably incurred because of such conduct." In general, when analyzing a motion pursuant to 28 U.S.C. § 1927, the Court must find that "(1) the challenged claim was without a colorable basis and (2) the claim was brought in bad faith, i.e., motivated by improper purposes such as harassment or delay." *Enmom v. Prospect Cap. Corp.*, 675 F.3d 138, 143 (2d Cir. 2012); *see also Jackling v. Brighthouse Life Ins. Co.*, No. 20-CV-6899-MJP, 2022 WL 831497 (W.D.N.Y. Mar. 21, 2022); *NDV Inv. Co. V. Apex Clearing Corp.*, No. 14 CIV. 923 RMB, 2015 WL 151043 (S.D.N.Y. Jan. 8, 2015) ("Bad faith is the touchstone of an award under § 1927."). Similarly, anyone who appears before the Court can be sanctioned under its inherent powers to sanction a party or attorney who has " 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.' " *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46 (1991) (quoting *Alyeskia Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 259 (1975)); *see Southern New England Tel. Co. v. Glob. NAPS Inc.*, 624 F.3d 123, 144 (2d Cir. 2010). "Courts therefore commonly consider sanctions under the court's inherent powers and § 1927 as part of the same inquiry." *Really Good Stuff, LLC v. BAP Invs., Inc.*, 19 Civ. 2218 (LLS) (GWG), 2021 WL 2469707, at *15 (S.D.N.Y. June 17, 2021) (citing *Enmon*, 675 F.3d at 144–49).

" '[A] claim is entirely without color when it lacks *any* legal or factual basis'.... Conversely, a claim is colorable 'when it has some legal and factual support, considered in light of the reasonable beliefs of the individual making the claim.' " *Schlaifer Nance & Co., Inc. v. Est.*

*of Warhol*, 194 F.3d 323, 336 (2d Cir. 1999) (quoting *Sierra Club v. United States Army Corps of Eng'rs*, 7776 F.2d 383, 390 (2d Cir. 1985, *cert. denied*, 475 U.S. 1084 (1986), and *Nemeroff v. Abelson*, 620 F.2d 339, 348 (2d Cir. 1980) (per curiam)); *see Eisemann v. Green*, 204 F.3d 393, 396 (2d Cir. 2000). Where a court makes findings of bad faith, they "must be characterized by a high degree of specificity." *Schlaifer Nance & Co.*, 194 F.3d at 338; *PinkNews Media Group Ltd. v. Here Publishing, Inc.*, No. 19cv05609(AT)(DCF), 2022 WL 2531536, at *3 (S.D.N.Y. Jan. 5, 2022), *adopted by* 2022 WL 2531534 (S.D.N.Y. Jan. 20, 2022). An award of sanctions must be supported by clear evidence both that " '(1) the offending party's claims were entirely without color, <u>and</u> (2) the claims were brought in bad faith,' " *i.e.*, motivated by improper purposes. (quoting *United States v. Prevezon Holdings, Ltd.*, 305 F. Supp. 3d 468, 478 (S.D.N.Y. 2018)).

"Because of their very potency, inherent powers must be exercised with restraint and discretion." *Chambers*, 501 U.S. at 44 (citing *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764 (1980)). Courts must be wary of imposing sanctions so as not to " 'stifle the enthusiasm or chill the creativity that is the very lifeblood of the law.' " *Oliveri v. Thompson*, 803 F.2d 1265, 1268 (2d Cir. 1986) (quoting *Eastway Constr. Corp. v. City of New York*, 762 F.2d 243, 254 (2d Cir. 1985)), *cert. denied*, 480 U.S. 918 (1987).

This Court's ruling in *NDV Investment Co. v. Apex Clearing Corp.*, No. Civ. 923(RMB), 2015 WL 151043 (S.D.N.Y. Jan. 8, 2015), is illustrative. There, the parties had engaged in arbitration, which resulted in a dismissal by the panel of arbitrators under a certain section of the Financial Industry Regulatory Authority ("FINRA"). *Id.*, at *1. NDV then petitioned this Court to vacate the arbitration award on the basis that the panel has misapplied the FINRA Rule with "manifest disregard of the law." *Id.* This Court examined applicable authority and determined that the panel's interpretation was a valid application of the law, in the absence of any "well

-3-

defined, explicit, and clearly applicable" law, as required under Second Circuit case law to vacate an arbitration award. *Id.*, at *2 (quoting *Freedom Invs. Corp. v. Hadath*, No. 11-cv-5975, 2012 WL 383944, at *4 (S.D.N.Y. Feb. 7, 2012)). Notwithstanding the lack of merit to NDV's contentions, the Court declined to grant the sanctions motion brought by Apex, in the absence of the requisite bad faith. *Id.*, at *4. In particular, the Court found there was nothing in the record to "demonstrate that Petitioners filed their motion to vacate for an improper purpose." *Id.* (citing *U.S. Ship Mgmt., Inc. v. Maersk Line, Ltd.*, No. 04 Civ. 2504 LAP JCF, 2004 WL 2823038, at *9 (S.D.N.Y. Dec. 1, 2004), and *GFI Sec. LLC v. Labandeira*, No. 01-cv-0793, 2002 WL 460059, at *8 (S.D.N.Y. Mar. 26, 2002)).

Applying this authority to this case at bar, it is respectfully submitted the circumstances of this case do not warrant the imposition of sanctions against Mr. Sheehan for any bad faith conduct. Admittedly, Mr. Sheehan failed to make certain inquiries of his client regarding the transaction between herself and KLM, including whether she was a direct purchaser of her ticket or relied upon KLM's representation when selecting to fly with that airline carrier. (Dkt. Nos. 50–57; Supplemental Declaration of Spencer Sheehan ("Sheehan Supp. Dec."), dated January 25, 2024, ¶¶ 14–15). Thus, while this Court has concluded that certain allegations within the Amended Complaint are "demonstrably false," they were not known to be false at the time they were made or when relied upon in opposing KLM's motion to dismiss. (*See* Dkt. No. 46). Upon further inquiry of Plaintiff regarding the details of her travel with ACIS, Mr. Sheehan submitted a Declaration to this Court on behalf of Plaintiff fully disclosing the finer details of the purchase of her flight on KLM. (*See* Dkt. No. 29). Within that Declaration, Plaintiff implicitly conceded that she could not have relied upon representations of KLM when selecting her flights, since she was unaware at the time of booking which airline would be providing travel accommodations and did

not actually select KLM. (*See id.* ¶ 10). Nevertheless, Plaintiff advanced an alternative theory of reliance in her determination not to take advantage of an Ultimate-Plus Protection Plan which allowed for the cancellation of her flights without any financial penalty. (*See id.* ¶ 11–13). Thus, immediately upon clarification of these disputed facts, Mr. Sheehan conceded those which lacked factual basis and abandoned the prior legal theory which was without evidentiary support, instead pursuing a novel path to Plaintiff's standing to pursue claims against KLM based upon its misrepresentations.

Accordingly, it is respectfully submitted Mr. Sheehan did not unreasonably or vexatiously multiply any proceedings before this Court. Mr. Sheehan relied upon the facts which he reasonably believed to be true at any given time during the short-lived course of this litigation. *See Schlaifer Nance & Co., Inc.*, 194 F.3d at 336. As demonstrated by Mr. Sheehan's frank declarations to this Court, he did not act wantonly or for oppressive reasons, nor was any filing vexatious or otherwise in bad faith which might warrant sanctions to be imposed under any authority available to this Honorable Court. *See Chambers*, 501 U.S. at 45–46. When Mr. Sheehan discovered facts in July 2023 that were contrary to those alleged in the Amended Complaint, in conjunction with disclosure of those facts through Plaintiff's Declaration, he sought a creative strategy to maintain Plaintiff's action against KLM, which should not subject him to sanctions. *See Oliveri*, 803 F.2d at 1268. As such, this Court should decline to impose sanctions under any of the authority cited within its Order to Show Cause.

## CONCLUSION

Based upon the foregoing, and for the reasons set forth in Mr. Sheehan's prior submissions (*see* Dkt. Nos. 39, 42), it is respectfully submitted Mr. Sheehan did not engage in the necessary

-6-

bad-faith litigation conduct required to subject him to sanctions under Rule 11, Section 1927 or the Court's inherent power. As such, the Court should not impose sanctions.

**DATED:**     **January 25, 2024**

                                               **COSTELLO, COONEY & FEARON, PLLC**

                                               */s/ Daniel R. Rose*
                                               **DANIEL R. ROSE**
                                               **Attorneys for Plaintiff's Counsel,**
                                                    *Spencer Sheehan*
                                               **Office and Post Office Address**
                                               **211 West Jefferson Street**
                                               **Syracuse, NY 13202**
                                               **Telephone: (315) 422-1152**

**DANIEL R. ROSE,**
     **Of Counsel**