UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KANDUS DAKUS, individually and on behalf of all others similarly situated, | Civil Action No.: 1:22-cv-07962-RA |
| Plaintiff, | |
| -vs- | |
| KONINKLIJKE LUCHTVAART MAATSCHAPPIJ, N.V., | |
| Defendant. | |

**SUPPLEMENTAL DECLARATION OF SPENCER SHEEHAN IN RESPONSE TO ORDER TO SHOW CAUSE DATED JANUARY 5, 2024**

I, **SPENCER SHEEHAN**, hereby declare and state under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1.  I was the attorney for Plaintiff Kandus Dakus ("Plaintiff") in this action until its dismissal pursuant to this Court's September 12, 2023 Opinion & Order granting the motion of Defendant Koninklijke Luchtvaart Maatschappij, N.V. ("KLM") to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1). (Dkt. 33 ["Opinion & Order"]).

2.  Within the Opinion & Order, this Court directed me to "show cause" as to why *sua sponte* sanctions should not be imposed under Rule 11 of the Federal Rules of Civil Procedure. *Id.* at 2, 13–14.

3.  In response to the Opinion & Order, I previously submitted a Declaration dated October 10, 2023, addressing certain of the Court's concerns and setting forth the development of the facts in this matter, thereby demonstrating that I did not act in bad faith, as defined by pertinent case law. (Dkt. Nos. 39-1).

4. In addition to the aforementioned Declaration, I also submitted an initial Memorandum of Law, and a Reply Memorandum of Law in further response to the Opinion & Order. (Dkt. Nos. 39, 42).

5. After those issues were fully briefed, this Court issued a further Order to Show Cause on January 5, 2024, directing me to "show cause" why it should not impose sanctions under Rule 11 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1927 and/or the Court's inherent power. (Dkt. No. 46).

6. Rather than repeat all of the facts previously set forth in my prior Declaration, dated October 10, 2023, I hereby incorporate those averments by reference as if fully restated herein.

7. As set forth fully therein, I identified Plaintiff through an online advertisement seeking a plaintiff who had recently purchased tickets to a flight with KLM. (Dkt. No. 39-1 ¶¶ 14–18).

8. I spoke with Plaintiff by telephone on September 13, 2022, regarding her purchase of tickets from KLM. She confirmed to me that KLM's claims about its environmental commitments were a factor in her decision to fly with KLM. (*Id.* ¶¶ 21, 29, 39).

9. Based upon these conversations, I finished preparing the Complaint in this action, which was filed on September 17, 2022. (*See id.* ¶ 45).

10. I filed an Amended Complaint on behalf of Plaintiff on December 14, 2022. The factual allegations contained in that pleading did not differ materially with respect to Plaintiff's purchase of tickets from KLM. (*See id.* ¶ 48; Dkt. No. 13).

11. As I previously admitted, I did not inquire of Plaintiff if she was a direct or indirect purchaser of airline tickets from KLM. (Dkt. No. 39-1 ¶ 50).

12. I also did not inquire if Plaintiff had selected KLM as the airline carrier when booking her travel.

13. In my mind, since Plaintiff had claimed to have purchased her tickets from KLM, and because KLM's claims about its environmental commitments impacted her decision to fly with KLM, Plaintiff then necessarily chose KLM from multiple options for her trip.

14. Even after KLM filed its motion to dismiss, containing the allegation that Plaintiff had booked her travel through ACIS Educational Tours and not directly with KLM, it remained my understanding that Plaintiff had been offered various flight options from ACIS, and as such, that the allegations within the Complaint that Plaintiff has chosen KLM based upon its representations within the CO2ZERO program remained accurate. (*See* Dkt. No. 13 ¶¶ 20, 54).

15. It was only in conferring with Plaintiff for the purposes of submitting her Declaration, in response to this Court's Order, that I learned that not only had Plaintiff indirectly purchased the tickets through ACIS, but also that ACIS also chose the flights for her.

16. In light of these facts, which Plaintiff fully disclosed to this Court, we determined to test a different theory, to wit, that she had opted not to cancel her flight, which was fully available to her under her Ultimate-Plus Protection Plan. (*See* Dkt. No. 29 ¶¶ 10–13).

17. Upon learning of these facts, I informed the Court and advocated for an alternative theory of standing for Plaintiff in her action against KLM.

18. It was never my intent to delay the proceedings or harass KLM, opposing counsel or this Court. Rather, on behalf of my client and similarly situated individuals, I sought to advocate for the rights of those plaintiffs wronged by KLM's apparent misrepresentations. Any misrepresentations were unintentional and based upon my misunderstanding of the facts.

19.     After filing of this action on behalf of Plaintiff Dakus, I have been contacted by other consumers who sought to allege similar allegations against airlines on which they informed me they traveled, in reliance on their environmental claims.

20.     As a result of the present experience, I have refined questions to such individuals to ensure not only that they traveled with that airline, but to be certain that they were direct purchasers who consciously selected those airlines, instead of having those choices made on their behalf without their initial knowledge *See, e.g.*, *Zajac v. United Airlines Inc.*, No. 8:23-cv-03145 (D. Md.).

21.     It was and is always my goal to advocate for those rights on behalf of my client and others similarly situated within the bounds of the law, or a reasonable extension thereof, based upon the facts of the case as I understood them at the time.

22.     Based upon the foregoing, and for the reasons set forth in my earlier submissions and the accompanying Memorandum of Law, it is respectfully submitted that sanctions in these circumstances are inappropriate.

**WHEREFORE**, I respectfully request this Court decline to impose sanctions under any available authority as I did not act in bad faith, together with such other and further relief as the Court may deem just and proper.

**Dated:     January 25, 2024**

**SPENCER SHEEHAN**