UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KANDUS DAKUS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>KONINKLIJKE LUCHTVAART MAATSCHAPPIJ, N.V.,<br><br>Defendant. | Civil Action No. 1:22-cv-07962-RA |

**DEFENDANT KLM'S RESPONSE TO**
**PLAINTIFF'S SUPPLEMENTAL RESPONSE TO ORDER TO SHOW CAUSE**

Sanctions are warranted against the plaintiff's counsel here under both Section 1927[1] and the Court's inherent authority because the plaintiff's claims were not colorable and counsel repeatedly and vexatiously continued to pursue them even after he was put on notice of their falsity.

"A lawyer has a responsibility to examine the plausibility and supportability of the client's claims. Our legal system depends on lawyers, as officers of the court, to conduct reasonable inquiries ***before*** asserting claims." *Reichmann v. Neumann*, 553 F. Supp. 2d 307, 319-20 (S.D.N.Y. 2008) (imposing Section 1927 sanctions (emphasis added)). Through its Response, KLM previously explained to this Court that Mr. Sheehan acted in bad faith by: (1) conducting a woefully deficient pre-complaint investigation, which was compounded by his failure to insist that his client review the Complaint; (2) affirmatively deciding to rely on the false allegations in the FAC despite the fact that KLM pointed out the truth in its motion to dismiss; (3) repeatedly failing to withdraw the false claims despite opportunities to do so; (4) submitting an Opposition asserting

---

[1] Capitalized terms not otherwise defined herein have the same meaning as ascribed in KLM's Response to Plaintiff's Response to Order to Show Cause ("Response" or "Resp."), ECF No. 41.

1

that KLM's arguments were "without merit" when they were in fact legally and factually accurate; and (5) submitting a declaration from his client in opposition to KLM's factual challenge, which asserted a new spurious theory of purported standing and injury in an attempt to keep the case alive. (*See* ECF No. 41.)  The plaintiff's counsel's concessions in his supplemental briefing ("Supp. Br.," ECF No. 47) and supplemental declaration ("Supp. Decl.," ECF No. 47-1) reaffirm that he acted in bad faith.

First, based on the plaintiff's counsel's supplemental declaration, it appears that he did not reach out to the plaintiff to conduct a proper investigation of her claims, even after KLM provided evidence in support of its factual challenge to standing, which raised obvious questions about the veracity of the initial pleading. (*See* Supp. Decl. ¶¶ 14-15.)  Instead, the plaintiff's counsel apparently did not conduct any additional investigation until he "confer[ed] with Plaintiff for the purposes of submitting her Declaration, in response to this Court's Order," which was almost ***eight months*** after receipt of KLM's Motion to Dismiss. (*Id.* ¶ 15.)

The plaintiff's counsel attempts to avoid responsibility by claiming the "demonstrably false" (*Dakus v. Koninklijke Luchtvaart Maatschappij, N.V.*, 2023 WL 5935694, at *6 (S.D.N.Y. Sept. 12, 2023)) allegations "were not known to be false at the time they were made or when relied upon in opposing KLM's motion to dismiss," (Supp. Br. at 5). Specifically, he claims that "it remained [his] understanding that Plaintiff had been offered various flight options from ACIS . . . such, that the allegations within the Complaint that Plaintiff had chosen KLM . . . remain[ed] accurate." (Supp. Decl. ¶ 14.)  This assertion does not square with the fact that KLM's Motion to Dismiss ***attached*** as an exhibit the ACIS contract, which confirmed ACIS only provided airline information ***after*** payment had been rendered, meaning it was likely that Ms. Dakus did not know what airline she was flying until ***after*** she agreed to the ACIS Terms and paid for her trip. (*See*

2

ECF No. 20 at 4; ECF No. 21, Ex. 3 at 3 ("The specific flight itinerary will be made available at least 45 days prior to departure. Airline eticket information will be sent only if full payment and the signed release from all participants has been received by ACIS.")); *see also Dakus*, 2023 WL 5935694, at *5 n.1 ("Plaintiff also claims that 'Defendant offers no facts to support' its contention that she may not have known which airline she was flying until she paid for her trip . . . . But Defendant does offer facts to support its contention; namely, that KLM's records indicate ACIS purchased her ticket, along with ACIS Terms and Conditions stating its payment policies, pursuant to which ACIS only identifies the chosen airline after payment has been remitted"). And, even then, "ACIS reserves the right to make changes in departure dates, departure cities, itinerary sequence, trip direction, ***airlines,*** hotels, optional excursions, activities, ship assignment or cruise ports-of-call." (ECF No. 21, Ex. 3 at 2 (emphasis added).) Because KLM provided facts that should have prompted a further investigation, the plaintiff's counsel's decision not to do any investigation, but instead to submit an Opposition asserting that KLM's arguments were "without merit" (ECF No. 24 at 4) evidences bad faith. (*See* ECF No. 46 at 1 ("Even assuming that counsel initially believed that such evidentiary support existed, he appears to have acted in bad faith once he was on notice of the falsity of Plaintiff's allegations. Indeed, both Defendant and the Court highlighted concerns about the veracity of allegations contained in the Amended Complaint.").)

Second, the plaintiff's counsel's counsel argues that "immediately upon clarification of these disputed facts, Mr. Sheehan conceded those which lacked factual bases and abandoned the prior legal theory which was without evidentiary support . . . ." (Supp. Br at 5.) That is not true. The plaintiff's counsel never withdrew any portion of the FAC or the Opposition. Instead, he submitted the plaintiff's Declaration, which he admits he and his client submitted "to test a different theory" (Supp. Decl. ¶16), forcing KLM and the Court to spend time and resources

3

defending and addressing a legal theory of standing that was unsupported by any case law citations and had no basis in the law. *See Dakus*, 2023 WL 5935694, at *6 ("Plaintiff does not point to any authority-nor has this Court been able to identify any-supporting the novel contention that a decision *not to cancel* a previously-purchased ticket by availing oneself of a travel insurance policy can give rise to an injury for Article III standing.").

As a result, the plaintiff's counsel's conduct here clearly warrants sanctions, including an award of attorneys' fees. (*See, e.g.,* ECF No. 46 at 2 (citing *Ke v. J R Sushi 2 Inc.*, 2022 WL 1496576, at *8 (S.D.N.Y. Feb. 7, 2022), *R&R adopted*, 2022 WL 912231 (S.D.N.Y. Mar. 28, 2022) (imposing sanctions where attorney is "aware of the meritless nature of his client's claims, yet continues to pursue the litigation") (citations omitted)) and *Ji Li v. New Ichiro Sushi, Inc.*, 2020 WL 2094095, at *10-11 (S.D.N.Y. Apr. 30, 2020), *aff'd*, 2021 WL 6105491 (2d Cir. Dec. 21, 2021) (same))); *see also Reichmann*, 553 F. Supp. 2d at 319-20 (imposing Section 1927 sanctions against "attorneys [that] should have investigated their client's vague claims more thoroughly from the start").

Rather than respond to or distinguish any of KLM's—or this Court's—cited authorities, the plaintiff's counsel relies heavily on *NDV Inv. Co. v. APEX Clearing Corp.*, which is inapposite. (Supp. Br. at 3-4 (citing 2015 WL 151043, at *1 (S.D.N.Y. Jan. 8, 2015).)  In that case, the Court found that the petitioner did not act in bad faith even though their motion "lacked merit" because it was not filed for "an improper purpose." *NDV Inv. Co.,* 2015 WL 151043, at *4. The Court recognized, however, that bad faith could be demonstrated where, as here, arguments "were made without justification rather than as a result of a good faith belief in their validity." *Id.* (citation omitted)).  Here, as explained above, willful ignorance to investigating the truth of an allegation does not equate to a "good faith basis" for the assertion of that allegation or arguments based on

them.

Accordingly, KLM respectfully requests that this Court impose sanctions against the plaintiff's counsel and compel him to pay KLM's attorneys' fees, expenses, and costs incurred in in this case in its entirety, or, in the alternative, for the attorneys' fees, expenses, and costs incurred after it filed its Motion to Dismiss.

Dated: February 8, 2024

Respectfully submitted,

DLA Piper LLP (US)

*/s/ Keara M. Gordon*
Keara M. Gordon
Colleen Carey Gulliver
Haley D. Torrey (*pro hac vice*)
DLA PIPER LLP
1251 Avenue of the Americas
New York, New York 10020
Tel.: (212) 335-4500
Fax: (212) 335-4501
keara.gordon@dlapiper.com
colleen.gulliver@dlapiper.com
haley.torrey@us.dlapiper.com

*Attorneys for Defendant*
*Koninklijke Luchtvaart Maatschappij, N.V.*

CERTIFICATE OF SERVICE

The undersigned certifies that on February 8, 2024, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system and thereby served on the following counsel:

Spencer Sheehan
Sheehan & Associates, P.C.
60 Cuttermill Rd Ste 412
Great Neck, NY 11021
spencer@spencersheehan.com

Daniel R. Rose
Costello, Cooney & Fearon, PLLC
211 West Jefferson Street, Suite 1
Syracuse, NY 13202


Dated: February 8, 2024

*/s/ Keara M. Gordon*
Keara M. Gordon