**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**KANDUS DAKUS, individually and on behalf of all others similarly situated,**

**Plaintiff,**

**-vs-**

**KONINKLIJKE LUCHTVAART MAATSCHAPPIJ, N.V.,**

**Defendant.**

**Civil Action No. 1:22-cv-07962-RA**
**Hon. Ronnie Abrams**

# SPENCER SHEEHAN'S REPLY IN FURTHER RESPONSE AND OPPOSITION TO ORDER TO SHOW CAUSE DATED JANUARY 5, 2024.

**COSTELLO, COONEY & FEARON, PLLC**
**Attorneys for Plaintiff's Counsel**
***Spencer Sheehan***
**Office and Post Office Address**
**211 West Jefferson Street, Suite 1**
**Syracuse, New York 13202**
**Telephone: (315) 422-1152**

**DANIEL R. ROSE,**
**Of Counsel**

## PRELIMINARY STATEMENT

Spencer Sheehan submits this Reply Memorandum of Law in reply to the defendant's response to the Court's Order to Show Cause. As set forth in Mr. Sheehan's subsequent declarations, dated October 10, 2023, and January 25, 2024 respectively, at no time did Mr. Sheehan act with subjective bad faith or knowingly misrepresent any facts to this Court. Instead, upon learning that the facts were not true, he prepared a Declaration from the plaintiff clarifying the nature of the transaction in question and pursued an alternative theory of standing. As established prior, the standing definition of bad faith as unreasonably and vexatiously multiplying litigation or engaging in conduct for an improper purpose, renders the penalty of sanctions inappropriate in this case. In their response, the defendant argues that Mr. Sheehan's failure to investigate the plaintiff's claims, prior to the filing of their motion to dismiss, was an act of bad faith on the part of Mr. Sheehan. However, precedent has established that ignorance does not equate to bad faith. As such, it is respectfully submitted that the Court rule in line with our prior submissions, and the reasons set forth within, to find that Mr. Sheehan's alleged conduct does not rise to the level of sanctions.

## STATEMENT OF FACTS

Mr. Sheehan incorporates his previous Declarations herein (*see* Dkt. Nos. 39-1, 47-1) as if fully restated, together with all other prior filings on behalf of plaintiff in this matter.

## ARGUMENT

### POINT I

### RULE 11 SANCTIONS ARE INAPPROPRIATE

Mr. Sheehan hereby incorporates by reference as if fully restated herein the contents of his prior memoranda of law in response to the Courts Order to Show Cause of September 12, 2023.

(Dkt. Nos. 39, 42, 47). For the reasons set forth therein and below, imposition of sanctions under Rule 11 are not appropriate, as Mr. Sheehan did not act with subjective bad faith in pursuing plaintiff's claims.

**POINT II**

**IGNORANCE IS NOT BAD FAITH PER SE**

" '[A] claim is entirely without color when it lacks any legal or factual basis.' " *Adkins v. Motors Acceptance Corp.*, 479 F. App'x 386, 387 (2d Cir. 2012) (quoting *Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 333 (2d Cir. 1999)) (summary order). In the alternative, a claim is considered to be colorable, when it "has some legal and factual support, considered in light of the reasonable beliefs of the individual making the claim.' " *Id.* (quoting *Schlaifer Nance & Co.*, 194 F.3d at 333); However, a court must not impose sanctions against an attorney unless it also finds that the claim was brought in bad faith, that is, motivated by improper purpose or delay. *Id.* "The bad faith requirement has been interpreted restrictively." *Scrilla Hill Ent. Inc. v. Dupree*, No. 16-CV-490 (JMF), 2016 WL 5817064 (S.D.N.Y. Oct. 5, 2016); *see United States v. Seltzer*, 227 F.3d 36, 41 n.2 (2d Cir. 2000) (holding that "the threshold finding required to justify sanctions . . . is extremely high" and that "the court must find that the very temple of justice has been defiled by the sanctioned party's conduct."). The Second Circuit demands a high degree of specificity in the factual findings of a District Court to uphold sanctions. *Dow Chem. Pac. Ltd. v. Rascator Maritime S.A.*, 782 F.2d 329, 344 (2d Cir. 1986). These safeguards seek to ensure that "fear of an award of attorneys' fees against them will not deter persons with colorable claims from pursuing those claims." *Id.*

The Court's ruling in *Scrilla Hill Entertainment Inc. v. Dupree*, No. 16-CV-490 (JMF), 2016 WL 5817064 (S.D.N.Y. 2016), is exemplary. That case arose out of a copyright dispute in

which Scrilla Hill filed claims against multiple parties. During the discovery phase, several of the defendants came forward with information directly contradicting the plaintiff's claims. *Id.*, at *2. Plaintiff's counsel denied their statements and sent an email stating: "[a]ll of the facts and allegations set forth in the complaint were verified by my client, and I know them to be true." *Id.* Following the filing of motions to dismiss by several of the parties, the plaintiff filed a notice voluntarily dismissing its claims without prejudice. *Id.* The court thereafter retained jurisdiction on the issue of sanctions. Ultimately, the court found that although the plaintiff's attorney fell short of meeting professional standards of courtesy and candor, his " 'ignorance of legal requirements [did] not amount to the intentional abuse of the judicial process that is the target of the protective award of attorney fees.' " *Id.*, at *5 (quoting *Gianna Enters v. Miss World (Jersey) Ltd.*, 551 F. Supp, 1348, 1360 (S.D.N.Y. 1982)). The court further elaborated that awarding attorney fees requires "*clear* bad faith, which generally means *persistent* misconduct that rises above mere incompetence or petulance or even an unfortunate mix of the two." *Scrilla Hill Ent.*, at *5 (emphasis in original).

The defendant argues, without any supporting authority, that willful ignorance does not equate to a "good faith basis" for the assertion of an allegation. (*See* Dkt. No. 49 at 4–5). However, as noted, there is no authority to support defendant's bald conclusion, nor does defendant offer **<u>any</u>** claims whatsoever that plaintiff or Mr. Sheehan commenced or maintained the action for some improper purpose, including harassment or delay, as required by the relevant case law to impose sanctions based upon bad-faith conduct. *See Adkins*, 479 F. App'x at 387; *Enmom v. Prospect Cap. Corp.*, 675 F.3d 138, 143 (2d Cir. 2012); *Schlaifer Nance & Co.*, 194 F.3d at 333. (*Cf.* Dkt. No. 49 at 4). Admittedly, Mr. Sheehan failed to make certain specific, targeted inquires of his client regarding the transaction between herself and KLM, including whether she was a direct purchaser

of her ticket or relied upon KLM's representation when selecting to fly with that airline carrier. (Dkt. No. 47 ¶¶ 14–15). Nevertheless, it is respectfully submitted his shortcomings do not rise to the level of bad faith conduct, as defined by controlling case law, such that sanctions are warranted.

While, this Court has concluded that certain allegations within the Amended Complaint were "demonstrably false," they were not known to be false at the time they were made or when relied upon in opposing KLM's motion to dismiss. (*See* Dkt. No. 46). Like the attorney in *Scrilla Hill*, Mr. Sheehan was not put on notice of defendant's contention that the claim lacked merit until KLM's motion to dismiss. At the stage of a Rule 12(b)(1) motion, plaintiff and Mr. Sheehan were permitted to reasonably rely on the allegations within the Amended Complaint, and opposed the motion on that basis. *See Carter v. HealthPort Technologies, LLC*, 822 F.3d 47, (2d Cir. 2016).

> The showing that must be made in order to withstand a dismissal for lack of standing increases as the suit proceeds. "At the pleading stage general factual allegations of injury resulting from the defendant's conduct may suffice, for *on a motion to dismiss we presum[e] that general allegations embrace those specific facts that are necessary to support the claim.*"

*Id.* (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559–60 (1992)). Although it may have been more advisable for Mr. Sheehan to make inquiry of his client regarding the relationship with ACIS when defendant filed its motion, his belief based upon the prior conversation with his client provided grounds to understand plaintiff had the necessary standing to maintain the action, and to reasonably rely on the allegations raised in the First Amended Complaint. *See id.* Upon the Court's request for further submissions, Mr. Sheehan further inquired into the details of plaintiff's travel with ACIS and submitted a Declaration to this Court fully disclosing the specific details of the purchase of her flight on KLM. (*See* Dkt. 29). Upon clarification of the disputed facts, Mr. Sheehan conceded those which lacked factual basis, and pursued a novel path to plaintiff's standing to pursue claims against KLM. (*See* Dkt. No. 47 ¶ 17).

Defendant relies heavily upon this Court's decision in *Reichman v. Neumann*. 553 F. Supp. 2d 307 (S.D.N.Y 2008), which is easily distinguishable. In that case, the plaintiff's conduct was significantly more egregious and prolonged compared to the misconduct alleged to have taken place here. The *Reichman* Court awarded sanctions where, among other things, the plaintiff refused to acknowledge the authenticity of a pertinent legal document (despite the endorser testifying to endorsing it), changed his version of events several times, and suspiciously limited discovery to avoid revealing the true nature of the plaintiff's involvement in the underlying transaction. *Reichman*, 553 F. Supp. 2d. In preparation for trial, the plaintiff was preparing a fourth version of events after documents produced during the discovery phase made his third version of events questionable. *Id.* at 324. Accordingly, Reichman's attorneys had numerous opportunities, over a more than three (3) year period, to inquire into the factual background of Reichman's claims and investigate the merits of same. *Reichman*, 553 F. Supp. 2d, at 327.

By contrast, as mentioned above, when the Court directed plaintiff to make further submissions regarding standing, Mr. Sheehan immediately inquired into the details of plaintiff's travel with ACIS. (*See* Dkt. 47). Before this point, Mr. Sheehan's actions to not further inquire into the details of plaintiff's travel were reasonable under the circumstances, given that there had not been any admissible evidence besides defendant's self-serving assertions that would lead him to believe that the plaintiff's claim was without factual basis. (*See Id.*). Mr. Sheehan did not string along a meritless claim for three (3) years, nor as he repeatedly change legal theories to adjust to plaintiff's changing stories, as did the attorneys in *Reichman*. Rather, as soon as he clarified his misunderstanding and ascertained the true nature of plaintiff's relationship with defendant, he corrected the record and did not persist with any legal theories unsupported by the facts as revealed. Accordingly, it is respectfully submitted he should not face sanctions akin to those leveled against

Reichman's attorneys in response to the alleged misconduct.[1] After uncovering the contested facts, Mr. Sheehan acknowledged those lacking factual support and pursued an alternative theory against KLM.

**CONCLUSION**

Based upon the foregoing, and for the reasons set forth in Mr. Sheehan's prior submissions (*see* Dkt. Nos. 39, 42, 47), it is respectfully submitted Mr. Sheehan did not engage in the necessary bad-faith litigation conduct required to subject him to sanctions under Rule 11, Section 1927 or the Court's inherent power. As such, it is respectfully submitted the Court should not impose sanctions.

**DATED: February 15, 2024**

**COSTELLO, COONEY & FEARON, PLLC**

**DANIEL R. ROSE**
**Attorneys for Plaintiff's Counsel**
***Spencer Sheehan***
**Office and Post Office Address**
**211 West Jefferson Street**
**Syracuse, New York 13202**
**Telephone: (315) 422-1152**

**Daniel R. Rose,**
**Of Counsel**

1 Even if the court is inclined to impose fines on Mr. Sheehan in the form of attorneys' fees, he should not be responsible for any fees incurred before defendant filed its motion to dismiss, or after the Court entered judgment. Non-movant defendant's numerous filings regarding sanctions, including those which are improper under the Federal Rules of Civil Procedure, have only proliferated and unnecessarily drawn out the litigation. Although it is submitted there is no bad-faith conduct to serve as a basis for sanction, reasonable attorneys' fees from the moment that the motion to dismiss was filed until judgment was entered are the very most that the Court should award.