UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KANDUS DAKUS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>KONINKLIJKE LUCHTVAART MAATSCHAPPIJ, N.V.,<br><br>Defendant. | Civil Action No. 1:22-cv-07962-RA |

**DECLARATION OF KEARA M. GORDON IN SUPPORT OF
COSTS, EXPENSES, AND ATTORNEYS' FEES**

I, KEARA M. GORDON, declare pursuant to 28 U.S.C. § 1746:

1. I am a member of the bar of the State of New York and am admitted to the bar of this Court. I am a partner with the law firm of DLA Piper LLP (US) ("DLA Piper"), attorneys for Defendant Koninklijke Luchtvaart Maatschappij, N.V. ("KLM").

2. This declaration, together with the annexed exhibits, is being submitted in response to the Court's September 23, 2024 Order directing KLM to "file an affidavit setting forth the excess costs, expenses, and attorneys' fees reasonably incurred after KLM filed its motion to dismiss." ECF No. 53.

3. KLM reasonably incurred **$115,355.20** in attorneys' fees and **$3,500.50** in costs and expenses from the day after the filing of its motion to dismiss until today. As detailed below, these amounts reflect time, rates, and costs actually expended, billed, and paid by KLM in defense

1

of this matter, with the exception of the fees incurred in connection with the preparation of this declaration, as those fees have not yet been billed.[1]

## Attorneys Who Provided Legal Services on Behalf of KLM

4.      During various periods of time, this matter was staffed with the following individuals from DLA Piper:

| Name | Title | Location | Rate Billed[2] |
|---|---|---|---|
| Keara Gordon | Partner, Co-Chair Class Action Practice Group | New York City | $1,195 |
| Colleen Carey Gulliver | Partner | New York City | $995 |
| Haley Torrey | Senior Attorney | Philadelphia | $790 |
| William Reichart[3] | Associate | Baltimore | $685 |
| Caleb Roche | Associate | New York City | $608 |
| Heather Ehrenberg[4] | Paralegal | New York City | $415 |
| Athenais Alcibar-Zucker | Paralegal | New York City | $259 |

5.      I am the Co-Chair of DLA Piper's Class Action Litigation Practice. I graduated *magna cum laude* from Georgetown University Law Center in 1993 and joined Piper & Marbury LLP, a predecessor firm to DLA Piper, as an associate at that time. I was elected to the partnership

---

[1] If the Court would like to see time records in detail, we are happy to submit for the Court's *in camera* review.

[2] DLA Piper provides discounted rates to KLM for this matter.

[3] Mr. Reichart joined the team when another associate went on leave.

[4] Ms. Ehrenberg provided assistance while Ms. Alcibar-Zucker was unavailable.

in 2001. For over 30 years, I have defended several dozens of class actions and complex litigations across a variety of substantive areas across a myriad of industries in state and federal courts. The National Law Journal recently named me as a Crisis Leadership Trailblazer for my and my team's work in anticipating emerging trends and working with clients to attempt to mitigate those threats. I have also been ranked by Chambers & Partners in New York Litigation: General Commercial and recognized by The Legal 500 in the category of General Commercial Disputes. BTI Consulting Group[5] has ranked the practice group that I co-lead as a "Powerhouse," which indicates the top one percent of class action practice groups.

6. I am admitted to the following courts: Supreme Court of the United States; United States District Court for the Southern District of New York; United States District Court for the Eastern District of New York; United States District Court for the Eastern District of Michigan; United States Court of Appeals for the Second Circuit; United States Court of Appeal for the Third Circuit; United States Court of Appeals for the Fourth Circuit; United States Court of Appeals for the Fifth Circuit; United States Court of Appeals for the Sixth Circuit; and United States Court of Appeals for the Seventh Circuit.

7. The DLA team that worked with me on this case has extensive experience defending clients, including aviation clients, in consumer class actions, has litigated dozens of cases before this Court including the types of putative class claims Ms. Dakus asserted, and has substantial experience litigating against Mr. Spencer Sheehan. In addition to the class action ranking mentioned above, BTI Consulting Group recently recognized DLA Piper as a "Most

---

[5] BTI Consulting Group is an independent market research and intelligence firm, and its rankings are based on more than 350 in-depth interviews with key legal decision-makers at organizations in more than 15 industry sectors whose revenue totals US$1 billion or more.

3

Feared Law Firm in Litigation" and named DLA Piper a "Powerhouse"—the highest rating—in the areas of cybersecurity, product liability, complex commercial, and commercial litigation.

8. My firm biography as well as those for Ms. Gulliver, Ms. Torrey, Mr. Reichart, and Mr. Roche are attached as **Exhibit A**.

### Description of Time Expended and Tasks Billed

**A. Reply in Support of Motion to Dismiss and Notices of Supplemental Authority.**

9. On March 15, 2023, KLM filed its reply brief in support of its Motion (the "Reply").

10. The DLA Piper team collectively spent 35.5 hours preparing the Reply, which consisted of: analyzing the arguments in the plaintiff's opposition to KLM's Motion; conducting supplemental legal research; and drafting, revising, and finalizing the Reply.

11. The DLA Piper team also spent 3.3 hours preparing two Notices of Supplemental Authority (the "Notices"), which alerted the Court to two relevant opinions issued after KLM filed the Reply. ECF Nos. 26-27. Preparing the Notices consisted of: reviewing and analyzing the new opinions; and drafting, revising, and finalizing the Notices.

**B. Submissions in Response to Court's July 13, 2023 Order.**

12. On July 13, 2023, the Court ordered the plaintiff to "file any additional materials, or any additional argument, to rebut [KLM's] factual challenge to jurisdiction" (the "July 13 Order"). ECF No. 27.

13. On July 25, 2023, Ms. Dakus submitted a declaration in response to the Court's Order (ECF No. 29), which "contain[ed] statements that were flatly inconsistent with the complaint," *Dakus v. Koninklijke Luchtvaart Maatschappij*, 2024 WL 4265646, at *2 (S.D.N.Y. Sept. 23, 2024).

4

14. On August 10, 2023, KLM submitted a letter in response to Ms. Dakus' declaration ("August 10 Response"). ECF No. 32.

15. The DLA Piper team spent 13.7 hours preparing the August 10 Response, which consisted of: analyzing and summarizing the Court's July 13 Order; analyzing the admissions in the declaration; comparing those admissions to the allegations in the First Amended Complaint; identifying and summarizing the inconsistencies; conducting supplemental legal research, including research as to Ms. Dakus' new theory of standing; discussing the contents with KLM; and drafting, revising, and finalizing the August 10 Response.

**C. Submissions in Response to Court's September 12, 2023 Opinion and Order.**

16. On September 12, 2023, the Court granted KLM's Motion and further ordered that "[n]o later than September 26, 2023, Plaintiff's counsel shall show cause as to why sanctions should not be levied against him" (the "September 12 Order"). ECF No. 33. In response, the parties submitted the following:

   (a) On October 10, 2023, Mr. Sheehan filed a Memorandum of Law in Response to Order to Show Case (the "October 10 Response"). ECF No. 39. The October 10 Response included a declaration from Mr. Sheehan and Ms. Dakus.

   (b) On October 24, 2023, KLM filed a response to Mr. Sheehan's October 10 Response (the "October 24 2023 Response"). ECF No. 41.

   (c) On October 31, 2023, Mr. Sheehan filed a reply brief (the "October 31 Reply"). ECF No. 42.

   (d) On December 8, 2023, KLM submitted a letter to the Court notifying it that (1) another court had issued an opinion holding Mr. Sheehan "in civil contempt of court" for acting in bad faith; and (2) Mr. Sheehan filed a copy-cat case against KLM in the Eastern District of Michigan (the "December 8 Letter"). ECF No. 44.

   (e) On December 13, 2023, Mr. Sheehan submitted a letter in response to KLM's December 8 Letter (the "December 13 Letter"). ECF No. 45.

5

17. In total, the DLA Piper team spent 54.1 hours reviewing and responding to the Courts' September 12 Order and Mr. Sheehan's filings.

18. The DLA Piper team spent 50 hours preparing KLM's October 24, 2023 Response, which consisted of: reviewing and analyzing the September 12 Order; analyzing the allegations and arguments in Mr. Sheehan's October 10 Response; conducting supplemental legal research; reviewing and summarizing recent caselaw admonishing Mr. Sheehan; discussing the contents with KLM; and drafting, revising, and finalizing the October 24 Response.

19. The DLA Piper team spent 3.8 hours preparing the December 8 Letter, which consisted of: reviewing and analyzing the relevant opinion sanctioning Mr. Sheehan; summarizing the copy-cat litigation; and drafting, revising, and finalizing the December 8 Letter.

20. The remaining hours were spent reviewing, analyzing, and summarizing the contents of the plaintiff's counsel's October 31 Reply and December 13 Letter.

**D. Submissions in Response to Court's January 5, 2024 Opinion and Order.**

21. On January 5, 2024, the Court issued another order to show cause, specifically seeking a response as to why it should not impose sanctions under 28 U.S.C. § 1927 or Rule 11 for Mr. Sheehan's continued pursuit of Ms. Dakus' claims (the "January 5 Order"). ECF No. 33.

22. On January 25, 2024, Mr. Sheehan submitted a Supplemental Memorandum of Law in Response to the January 5 Order (the "January 25 Response"). ECF No. 47. The January 25 Response also included a declaration from Mr. Sheehan.

23. On February 8, 2024, KLM filed a response to Mr. Sheehan's October 10 Response (the "February 8 Response"). ECF No. 49.

24. On February 15, 2024, Mr. Sheehan responded to KLM's February 8 Response (the "February 15 Response"). ECF No. 50.

25. On July 10, 2024, KLM submitted a Notice of Supplemental Authority to notify the Court of a recent opinion also ordering Mr. Sheehan to show cause as to why he should not be sanctioned. ECF No. 52.

26. In total, the DLA Piper team spent 12.8 hours in response to the Court's January 5 Order.

27. The DLA Piper team spent 9.5 hours preparing KLM's February 8 Response, which consisted of: analyzing the arguments in the January 25 Response; reviewing, analyzing, and distinguishing the caselaw cited in the January 25 Response; conducting supplemental legal research; discussing the contents with KLM; and drafting, revising, and finalizing the February 8 Response.

28. The DLA Piper team spent 3.9 hours preparing the Notice, which consisted of: reviewing and analyzing the new opinion; and drafting, revising, and finalizing the Notice.

29. The remaining hours were spent reviewing, analyzing, and summarizing the contents of Mr. Sheehan's February 15 Response.

**E. Time Spent Preparing this Declaration.**

30. On September 23, 2024, the Court imposed sanctions on Mr. Sheehan under 28 U.S.C. § 1927 and Federal Rule of Civil Procedure 11 and directed KLM to "file an affidavit setting forth the excess costs, expenses, and attorneys' fees reasonably incurred after KLM filed its motion to dismiss." ECF No. 53.

31. In response, the DLA Piper team spent 27.1 hours preparing this declaration. Specifically, we reviewed and analyzed time sheets; reviewed the Court's prior rulings and filings in the matter; conducted supplemental legal research; discussed the filing with KLM; and drafted, revised, and finalized the declaration.

**Description of Costs and Expenses**

32. KLM expended **$3,500.50** in costs and expenses after the filing of the motion to dismiss. This amount includes Westlaw and PACER charges for research conducted in connection with KLM's above-referenced submissions, and a *pro hac vice* fee for Ms. Torrey.

**The Fees, Costs, and Expenses Incurred in this Matter are Reasonable.**

33. A "reasonable hourly rate is the rate a paying client would be willing to pay." *McDaniel v. County of Schnectady*, 595 F.3d 411, 414 (2d Cir. 2010). In determining a reasonable hourly rate, courts consider the rates for legal services "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Vista Outdoor Inc. v. Reeves Fam. Tr.*, 2018 WL 3104631, at *5 (S.D.N.Y. May 24, 2018) (quoting *Gierlinger v. Gleason*, 160 F.3d 858, 882 (2d Cir. 1998)).

34. The ranges of rates billed by DLA Piper for its partners, associates, attorneys, and support staff are within the ranges awarded by courts within this circuit. *See, e.g., Dennis v. JPMorgan Chase & Co.*, 2023 WL 3646801, at *2 (S.D.N.Y. May 25, 2023) (finding counsel's hourly rates from $185 to $1,295 reasonable in class action matter) and *id.*, ECF No. 555 at 14-15 (S.D.N.Y. Aug. 18, 2022) (submission in support of fees and expenses detailing hourly rates); *In re GSE Bonds Antitrust Litig.*, 2020 WL 3250593, at *5 (S.D.N.Y. June 16, 2020) (rates between $350 and $1,150 per hour held reasonable); *Tessemae's LLC v. Atlantis Cap. LLC*, 2019 WL 2635956, *4 (S.D.N.Y. June 27, 2019) (collecting cases supporting reasonableness of hourly rates ranging from $250 to $1,260 per hour for work on "a commercial litigation matter").

35. It is my understanding that the rates charged to KLM are "not excessive in the New York City 'big firm' market." *Vista Outdoor Inc.*, 2018 WL 3104631, at *6 (approving rates of

$1,170 to $1,260 for partners) (collecting cases). The rates that KLM paid for their services are similar to those regularly charged to and paid by DLA Piper's clients.

36. DLA Piper and KLM executed an engagement letter in 2022 at the start of this case in which KLM accepted the above-referenced DLA Piper rates, which reflect a discount on each attorney's standard hourly billing rate.

37. Moreover, based on my extensive experience in class action defense, I consider the time spent on this case to be reasonable and in line with what my firm has expended in litigating similar disputes on behalf of other clients.

38. Prior to submitting this declaration, my team reviewed each task for which KLM was billed and removed any non-essential charge for tasks or costs, such as time billed for review and compliance with the Local Rules of this District.

39. KLM's total expended fees and costs are consistent with the Court's prior monetary awards in connection with the imposition of sanctions. *See, e.g., Klein v. Aicher*, No. 19-CV-9172, ECF No. 77 (S.D.N.Y. July 29, 2020) (Abrams, J.) (awarding the defendant $74,160 in attorneys' fees and costs incurred in defending herself in the litigation); *Rabin v. Dow Jones & Co.*, 665 Fed. App'x 21, 23-24 (2nd Cir. 2016) (affirming award of $144,000 in fees in meritless class action where plaintiff's counsel "failed to conduct a good-faith investigation into th[e] evidence or to adjust the pleadings"); *Baker v. Urban Outfitters, Inc.*, 431 F. Supp. 2d 351, 367 (S.D.N.Y. 2006) (awarding fees under Section 1927 in the amount of $65,760.50 in addition to $388,424.54 under the CopyRight Act and Federal Rule of Civil Procedure 68).

40. Based on the foregoing, I respectfully request that the Court grant KLM an award of attorneys' fees reasonably incurred in the total amount of **$115,355.20** and costs and expenses in the total amount of **$3,500.50**.

Dated: October 7, 2024
      New York, New York               */s/ Keara M. Gordon*_____
                                                    Keara M. Gordon