UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

KANDUS DAKUS, individually and on behalf of all others similarly situated,

Plaintiff,

-vs-

KONINKLIJKE LUCHTVAART MAATSCHAPPIJ, N.V.,

Defendant.

---

Case No. 1:22-cv-07962-RA
Hon. Ronnie Abrams

---

# MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S APPLICATION FOR COSTS AND ATTORNEYS' FEES

---

COSTELLO, COONEY & FEARON, PLLC
Attorneys for Spencer Sheehan, Esq.
Office and Post Office Address
211 West Jefferson Street, Suite 1
Syracuse, NY 13202
Telephone: (315) 422-1152

DANIEL R. ROSE,
Of Counsel

## PRELIMINARY STATEMENT

In response to this Court's Order of September 23, 2024, Defendant requests this Court to award it over $100,000 in attorneys' fees, based solely on the conclusory and self-serving Declaration of the senior partner handling the matter. Defendant's submission in no way delineates which of these fees are "excess costs and fees incurred because of [Mr. Sheehan's improper] conduct," which were the ordinary costs and fees attendant to litigation. (*See* Dkt. No. 53 at 12). Moreover, Defendant's submission is devoid of *any* contemporaneous time records, and is instead premised entirely upon counsel's summaries of the work the "team" did to defend the matter. Such submissions are wholly contrary to settled law within this Circuit, and the Court should deny recovery of any fees from this "New York City 'big firm.' " Finally, the costs which Defendant seeks are either unrelated to the conduct in question, or constitute overhead and are not recoverable costs. In light of the overwhelming deficiency of Defendant's submission, the Court should decline to award any costs or fees to Defendant based on the inability to determine the reasonable costs proximately caused by the conduct in question.

## ARGUMENT

### POINT I

### DEFENDANT IS ONLY ENTITLED TO EXCESS COSTS AND FEES PROXIMATELY CAUSED BY THE CONDUCT IN QUESTION

At the outset, the plain language of Section 1927 limits an award to **excess** costs and fees which were incurred "*because of*" conduct which "multiplies the proceedings . . . unreasonably and vexatiously." 28 U.S.C. § 1927 (emphasis added). Accordingly, there are three (3) essential limitations under the statute: (1) the Court's award may only be based on those costs and fees which opposing counsel proves are "excess," and not those which would have occurred in the ordinary course of litigation; (2) costs and fees may only be awarded in connection with

unreasonable or vexatious conduct which multiplies the proceeding; and (3) the costs and fees must be proximately caused by the unreasonable or vexatious, *i.e.*, bad-faith conduct. *See Goodyear Tire & Rubber Co. v. Haegar*, 581 U.S. 101, 108 n.5 (2017) ("causal connection" required to support award of costs and fees under Section 1927); *Nemeroff v. Abelson*, 620 F.2d 339, 348 (2d Cir. 1980) (sanctions imposed only where litigation conduct is "entirely without color *and* made for reasons of harassment or delay or for other improper purposes"); *Novelty Textile Mills, Inc. v. Stern*, 136 F.R.D. 63, 76 (S.D.N.Y. 1991) (citing *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 758–59 (1980)) ("A party who incurs expense by virtue of an attorney's violation may be reimbursed only for the 'excess costs' incurred as a result of the violation, not for the ordinary costs of litigation."); *see also Hong v. Mommy's Jamaican Mkt. Corp.*, No. 20-cv-9612 (LJL), 2024 WL 3824394, *19 (S.D.N.Y. Aug. 14, 2024) (applying a but-for standard in awarding attorneys' fees pursuant to Section 1927, and limiting fees and costs to only those "solely caused by the misconduct," since it is meant to be compensatory, not punitive). We will address each of these three limitations, as applied to this case.

A.  **Defendant Has Failed to Demonstrate the Amount of "Excess" Fees and Costs Beyond the Ordinary Defense Costs of Litigation**

Defendant appears to take the position that upon receipt of its motion to dismiss, Mr. Sheehan should have immediately discontinued the action and eliminated the need for any further litigation. Indeed, Ms. Gordon's Declaration details all time spent by her firm on the matter after the filing of the motion to dismiss, including preparation of said Declaration. (Dkt. No. 55 ¶¶ 9–31). This conclusion appears to be at odds with this Court's prior findings. (*See* Dkt. 53). Instead, this Court faulted Mr. Sheehan for: (1) improperly relying on the Rule 12(b)(6) standard in opposition to Defendant's motion; and (2) asserting an alternative theory of standard once he

clarified the circumstances of plaintiff's purchase of the ticket in question, without seeking to amend the operable pleading. (*Id.* at 7–8).

Had Mr. Sheehan proceeded as this Court recommended, the appropriate response to Defendant's motion would have been a cross-motion for leave to further amend the Complaint as to plaintiff's determination not to cancel her flight when she learned the truth about Defendant. (*See id.* at 8). Such leave should have been freely granted when justice so required. Fed. R. Civ. P. 15(a)(2). In this scenario, Defendant would have still had to respond to Mr. Sheehan's alternative theory of standard, only in a different procedural posture. That response would have been included within Defendant's opposition to plaintiff's hypothetical cross-motion, and would have required all of the legal research and drafting Defendant's counsel did in any event. Presumably, Defendant's counsel would have spent a similar thirty-five (35) hours preparing that combined opposition and reply as was spent on its reply in further support of its motion. (*See* Dkt. No. 55 ¶ 10). Furthermore, the Notices of Supplemental Authority (*see* Dkt. Nos. 26–27) related to legal authority unimpacted by the factual correction which this Court encouraged plaintiff to pursue by way of pleading amendment. Therefore, the 3.3 hours spent preparing those 2 pages of legal analysis similarly were not impacted by what this Court has held was bad faith conduct. (*See* Dkt. No. 53 at 7–8; Dkt. No. 55 ¶ 11). Defendant fails to put forth any coherent position regarding the allegedly *excess* costs and fees it incurred. However, it appears, at best, that Defendant's counsel's additional 13.7 hours in responding to this Court's July 13, 2023 Order—which would have been obviated by this Court's suggested course of seeking leave to amend the Complaint to address the alternative theories under the facts as developed—constitute the only *potential* excess

fees incurred by Defendant, caused by the offending conduct as found by this Court. (*See* Dkt. No. 55 ¶ 15).[1]

### B. Only Bad Faith Conduct May Serve as the Basis for an Award of Excess Costs and Fees

In its prior Orders, this Court found Mr. Sheehan's conduct to have constituted bad faith "once he was on notice of the falsity of [Dakus'] allegations" (Dkt. No. 46), including continuing to "pursue his client's claims . . . . even after the Court ordered him to 'file any additional materials or arguments rebutting KLM's factual challenge.' " (Dkt. No. 53 at 8 [quoting Dkt. No. 28]). Nowhere within its Opinion & Order did the Court find Mr. Sheehan's various responses to this Court's Orders to Show Cause related to the threat of sanctions were undertaken in bad faith. As such, this Court should not award Defendant any "excess costs and fees" in connection with either the Court's original Order to Show Cause evoking Rule 11 sanctions, or the more recent Order citing both Rule 11, 28 U.S.C. § 1927 and/or the Court's inherent power. (Dkt. Nos. 46, 53).

### C. The Majority of Defendant's Claimed Fees Were Not Incurred But-For Mr. Sheehan's Bad Faith Conduct

Finally, as noted *supra*, the Court may only award excess costs and fees incurred "but-for" Mr. Sheehan's vexatious or unreasonable conduct. *See Hong*, 2024 WL 3824394, *19. As an initial matter, to the extent Defendant seeks to recover motion fees incurred prior to the filing of its motion to dismiss, those were plainly not proximately caused by the bad faith conduct this Court has found. (*See* Dkt. No. 55 ¶ 32). Moreover, the 54.1 hours expended in connection with the Court's Order to Show Cause invoking Rule 11 were not even related to the issues presented by the Court in the Order to Show Cause, and were instead limited to advocating for additional sanctions against Mr. Sheehan, without invoking the Court's jurisdiction by way of a Notice of

---

[1] Mr. Sheehan does not concede that the 13.7 hours expended was reasonable for the preparation of the three (3) page letter. *See infra*, Point II.

Motion. (Dkt. 41 at 7–12).[2] Had the Court found at that stage that Mr. Sheehan had acted in bad faith under Rule 11, it could not have awarded Defendant any attorneys' fees. *See Nuwesra v. Merrill Lynch, Fenner & Smith, Inc.*, 174 F.3d 87 (2d Cir. 1999). Thus, not only was Defendant not required to respond in any way to this Court's Order to Show Cause, it also had nothing to gain by devoting over 50 hours of "New York City 'big firm' " time to submitting irrelevant papers to this Court. Mr. Sheehan should not be required to reimburse Defendant for its counsel's excessive and unnecessary billing, not causally related to what this Court determined to be vexatious and unreasonable conduct.

Furthermore, Defendant's submissions in response to this Court's more recent Order of January 5, 2024, were also not compelled by what this Court determined were Mr. Sheehan's unreasonable or vexatious conduct. Instead, Defendant's counsel has demonstrated a personal vendetta against Mr. Sheehan, driven by their own vindictiveness toward him, and freely bill Defendant for continuing to litigate these issues. Initially, Defendant was not required to submit any response at all. (Dkt. 46 at 2). Additionally, although the relevant inquiry was whether Mr. Sheehan engaged in bad faith conduct *in this litigation* by unnecessarily multiplying the proceedings, Defendant's counsel spent a further 3.9 hours preparing a Notice of Supplemental Authority which only sought to besmirch Mr. Sheehan's name by calling this Court's attention to alleged conduct in entirely separate litigation, in a wholly different jurisdiction. (Dkt. No. 52). Thus, assuming, *arguendo*, that Defendant's time preparing its January 25, 2024 Response (*see* Dkt. No. 49) was proximately caused by Mr. Sheehan's unreasonable or vexatious conduct, the

---

[2] Similarly, Defendant's letter submission to this Court regarding Mr. Sheehan's alleged conduct in other matters was wholly irrelevant to a Rule 11 analysis, as we noted in our December 13, 2023 submission. Defendant should not be permitted to recover for preparing impermissible, salacious and impertinent submissions to this Court. (*Compare* Dkt. No. 44, *with* Dkt. No. 45; *see also* Dkt. No. 55 ¶ 19 [3.8 hours expended preparing 1½-page letter]).

balance of Defendant's counsel's time relating to this Court's January 5, 2024 Order does not constitute recoverable attorneys' fees under Section 1927. *See Hong*, 2024 WL 3824394, *19.

## POINT II

### DEFENDANT HAS FAILED TO DEMONSTRATE THAT ITS ATTORNEYS' FEES ARE REASONABLE

The lodestar method, utilized throughout the Federal Court system to determine awards of reasonable attorneys' fee:

> involves a determination of the proper amount of compensation by multiplying the reasonable number of hours appropriately expended by an applicant by an appropriate hourly rate for these services provided. Thus, two separate determinations are required: first, the reasonableness of the number of hours appropriately expended on the service provided, and second, the reasonableness of the hourly rate.

*In re Poseidon Pools of Am., Inc.*, 180 B.R. 718, 732 (E.D.N.Y. Br. 1995); *accord Luciano v. Olsten Corp.*, 109 F.3d 111, 115 (2d Cir. 1997); *see Sony Elecs., Inc. v. Soundview Techs., Inc.*, 3389 F. Supp. 2d 443, 447 n.4 (D. Conn. 2005) (lodestar method applicable to Section 1927 fee awards).

On any application for an award of attorneys' fees, the claimant has the initial burden of documenting and proving its claims. *Bentley Labs. LLC v. TPR Holdings LLC*, 14 Civ. 6306 (HBP), 2017 WL 4326536, at *1 (S.D.N.Y. Sept. 28, 2017); *Andrews v. City of New York*, 118 F. Supp. 3d 630, 638 (S.D.N.Y. 2015); *Ragin v. Harry Macklowe Real Estate Co.*, 870 F. Supp. 510, 515 (S.D.N.Y. 1994) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)); *Monagghan v. SZS 33 Assocs., L.P.*, 154 F.R.D. 78, 84 (S.D.N.Y. 1994) (same). Long controlling authority in the Second Circuit has established that "all applications for attorney's fee [must] be supported by contemporaneous records." *Scott v. City of New York*, 626 F.3d 130, 132 (2d Cir. 2010) (citing

-6-

*New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136 (2d Cir. 1983))[3]; *accord Trustees of Dist. Council No. 9 Painting Indus. Ins. Fund v. City Newark Glass*, No. 23 CIV 3303 (JPC), 2024 WL 2092003, at *3 (S.D.N.Y. May 9, 2024); *Nia v. Shinseki*, No. 11-CV-7359 (AT)(KNF), 2015 WL 6200734, at *5 (S.D.N.Y. Oct. 1, 2015) (quoting *Carey*, 711 F.2d at 1154) ("A fee application that is not supported by evidence of 'contemporaneous time records indicating, for each attorney, the date, the hours expended, and the nature of the work done' should normally be denied."); *De La Paz v. Rubin & Rothman, LLC*, No. 11 Civ. 9625(ER), 2013 WL 6184425, at *7 (S.D.N.Y. Nov. 25, 2013) ("[T]o be reasonable, a fee petition *must* be supported by contemporaneous time records." [emphasis added]); *Serin v. Northern Leasing Sys., Inc.*, No. 7:06-CV-1625, 2011 WL 1467560, *5 (S.D.N.Y. Apr. 19, 2011) ("In determining whether a requested fee is reasonable and justified, the Second Circuit requires, except in unusual circumstances, that contemporaneous time records accompany an application for statutory attorney's fees."); *In re Tavern Motor Inn, Inc.*, 69 B.R. 138, 142 (D. Vt. 1986) ("We cannot determine the reasonableness of attorney's fees without adequate documentation.). Indeed, "[t]his Circuit employs a ' "hard-and-fast-rule" with only rare exceptions' under which ' "contemporaneous records are a prerequisite for attorney's fees." ' " *Rosario v. Commissioner of Soc. Sec.*, No. 21 Civ. 03811 (JCM), 2022 WL 17669939, at *2 n.3 (S.D.N.Y. 2022) (quoting *Patterson v. Commissioner of Soc. Sec.*, No. 20-CV_4591 (SN), 2021 WL 4125013, at *3 (S.D.N.Y. Sept. 9, 2021)).

" 'The records should specify, for each attorney [or time keeper], the date, the hours expended, and the nature of the work done.' " *Kottwitz v. Colvin*, 114 F. Supp. 3d 145, 150 (S.D.N.Y. 2015) (quoting *Carey*, 711 F.2d at 1148); *Envirosource, Inc. v. Horsehead Res. Dev.*

---

[3] To be sure, *Scott* recognized an extremely limited exception of "unusual circumstances," such as an office fire which destroyed the records or records "rendered irretrievable by a computer malfunction before counsel had an opportunity to prepare his application." 626 F.3d at 134. Defendant's counsel, a sophisticated international law firm, has provided no such "unusual circumstances," and this exception is therefore inapplicable to the present application.

*Co.*, 981 F. Supp. 876, 881 (S.D.N.Y. 1998) (quoting *Cruz v. Local Union No. 3 of Int'l Brotherhood of Elec. Workers*, 34 F.3d 1148, 1160 (2d Cir. 1994)) ("To establish hours spent by each attorney at a firm, the fee applicant is to furnish contemporaneous time records specifying the date, the hours and the nature of the work done, . . . although typed listings drawn from computerized billing records or attorney affidavits based on contemporaneous records will suffice if they 'provide a fully detailed itemization of the dates that work was performed, a description of the work done, and the time expended.' "); *In re S.T.N. Enters., Inc.*, 70 B.R. 823, 832 (D. Vt. 1987) ("[T]o be considered by this Court, an application for attorneys' fees must clearly identify each discrete task billed to the estate, indicating the date it was done, the precise amount of time spent, whom it was done by, and the person's hourly rate."). Moreover, courts highly disfavor block billing, which " 'is most problematic where large amounts of time (e.g., five hours or more) are block billed,' thereby 'meaningfully cloud[ing] a reviewer's ability to determine the projects on which significant legal hours were spent.' " *Congregation Rabbinical Coll. of Tartikov, Inc. v. Village of Pomona*, 188 F. Supp. 3d 333, 343 (S.D.N.Y. 2016) (quoting *Beastie Boys v. Monster Energy Co.*, 112 F. Supp. 3d 31, 53 (S.D.N.Y. 2015)).

In light of this overwhelming authority that requires, except in the rarest of circumstances, an attorney to support a fee application with contemporaneous time records, Defendant should not be permitted to recover any fees in this action. Rather than submit contemporaneous records for Mr. Sheehan and the Court to consider, Defendant relies solely on the Declaration from the Senior Partner at DLA Piper supervising the matter, who in conclusory fashion summarizes a variety of tasks and the total amount of time all paralegals and attorneys assigned to the file spent on those tasks. (Dkt. No. 55 ¶¶ 9–31). Within the Gordon Declaration, counsel does not set forth *who* completed each of the various tasks summarized, nor how long was spent on each individual task,

as required by the law of this Circuit. Such summary precludes any meaningful review of the time spent on any of the various tasks, nor whether the tasks were performed by an appropriate timekeeper. Moreover, the Gordon Declaration is utterly silent as to when any of the claimed work was performed, contrary to well-settled case law requiring such information to be set forth in detail. As this Court has repeatedly held, the absence of these contemporaneous time records—particularly from a sophisticated (multinational) international "New York City 'big firm' " charging over $1,000 per hour—precludes any award of attorneys' fees. Moreover, to the extent Defendant attempts to correct this grave oversight in its reply papers, it would be improper for the Court to consider any contemporaneous papers submitted at that late stage, especially when Mr. Sheehan would be denied a reasonable opportunity to review and respond to those purported legal fees. *See United States ex rel. Karlin v. Noble Jewelry Holdings Ltd.*, No. 08 Civ. 7826(JGK)(KNF), 2012 WL 1228199, at *5 (S.D.N.Y. Apr. 9, 2012).[4]

In the unlikely event this Court finds "in the interest of equity" that it should further consider Defendant's fee application from its "New York City 'big firm' " without any contemporaneous time records, it should be noted that fee applications containing "reconstructed time," as here, are typically subject to a 30% reduction in Districts in this Circuit. *See, e.g., Hensley*, 461 U.S. at 438 n.13 (approving 30% reduction in fees for counsel's failure to keep

---

[4] In *Karlin*, this Court astutely observed:

> It is improper for the Court to consider the Relator's evidence, including the contemporaneous records, submitted for the first time in reply, because that evidence was not submitted in response to any new material issues raised by the defendants in their opposition brief. The reply was not the Relator's first opportunity to provide evidence of contemporaneous records, based on which, as the Second Circuit has explained, any award of reasonable attorney's fees is conditioned. *See Scott,* 643 F.3d at 58. The evidence of the Relator's contemporaneous records should have been submitted in support of his motion when the motion was filed, so that the defendants could make an informed response to the motion, and the Court could have a basis upon which to determine the reasonableness of the requested attorneys' fees and expenses. Considering the Relator's contemporaneous records—submitted for the first time in reply—would be fundamentally unfair to the defendants, because it would deprive them of an opportunity to respond.

contemporaneous time records); *Rosario v. Amalgamated Ladies' Garment Cutters' Union*, 749 F.2d 1000, 1008 (2d Cir. 1984) (attorney's hours should be reduced by 30% for failure to keep contemporaneous records); *Monaghan v. SZS 33 Assocs., L.P.*, 154 F.R.D. 78, 84 (S.D.N.Y. 1994) (collecting additional cases). Moreover, "[w]hen an attorney chooses to submit reconstructions of contemporaneously kept time records, denying fees for time spent preparing the application is 'an appropriate and necessary penalty for omitting to include the time records.' " *Marion S. Mishkin Law Office v. Lopalo*, 767 F.3d 144, 150 (2d Cir. 2014) (quoting *Lewis v. Coughlin*, 801 F.2d 570, 577 (2d Cir. 1986)). Accordingly, should this Court award Defendant any fees whatsoever, notwithstanding counsel's clear violation of *Carey* and its progeny, any award should be reduced by 30% for failure to provide contemporaneous time records with its application.

With respect to the hourly rates charged by Defendant's counsel, "the fee applicant has the burden of showing by 'satisfactory evidence—***in addition to the attorney's own affidavits***'—that the requested hourly rates are the prevailing markets rates." *Farbotko v. Clinton Cnty. of N.Y.*, 433 F.3d 204, 209 (2d Cir. 2005) (emphasis added). While counsel's exorbitant hourly rates may be typical of "New York City 'big firm' " rates, Defendant submits only the self-serving Declaration of the senior partner. (Dkt. 55).[5] As such, in the first instance, Defendant has failed to meet its burden of submitting satisfactory evidence that the requested rates are prevailing market rates, relying only upon counsel's Declaration. Further, it should be noted that the motion to dismiss that Defendant filed was in no way complicated or required extraordinary skill. Rather, Defendant obtained dismissal of a false advertising claim where it demonstrated the plaintiff did not actually purchase the advertised product. The result obtained by Defendant could have easily been achieved by work exclusively performed by associates, and in no way necessitated the involvement

---

[5] It is also worth noting that Ms. Gordon has been with the firm "more than 25 years," and does not otherwise set forth any basis for knowledge that the rates charged by her firm are prevailing market rates. (*See* Dkt. 55-1 at 4).

of **two** partners billing at rates approximating or exceeding $1,000 per hour. (Dkt. No. 55 ¶ 2). *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 184 (2d Cir. 2008) (District Courts should consider, *inter alia*, the complexity and difficulty of the case).

Finally, Defendant's failure to itemize *which* timekeeper completed each task renders any lodestar analysis impossible. Assuming, *arguendo*, this Court allows Defendant's application absent any contemporaneous time records, and notwithstanding the block billing, the multiplier of hourly rate for the block-billed time is non-existent. The absence of such information should further precludes any recovery of fees, since this Court is unable to engage in the lodestar calculations which the Second Circuit requires to determine a reasonable fee.[6]

In light of these various and numerous deficiencies in the fee application, Defendant's recover, *if any*, should be limited to $6,777.39. This figure represents the additional 13.7 hours which various timekeepers devoted to the supplemental submission in response to this Court's July 13, 2023 Order, as the only reasonable "excess" fees incurred due to what this Court has determined to be Mr. Sheehan's bad faith litigation conduct, multiplied by a blended rate of $706 per hour (totaling $9,681.99), and then further reduced by 30% to account for counsel's block-billing across all seven (7) timekeepers. ($9,681.99 x 0.70 = $6,777.39).[7] Defendant should not be allowed to recover for the purported twenty-seven (27) hours devoted to preparation of the

---

[6] As an alternative, this Court should create a blended rate by averaging the hourly fees of all timekeepers noted who worked on the file, since the Court is unable to determine whether the various enumerated tasks were performed by a senior partner or junior paralegal. Such average amounts to $706 per hour.

[7] Should the Court determine that counsel's 9.5 block-billed hours "preparing [Defendant's] February 8 Response" was proximately caused by the earlier vexatious and/or unreasonable conduct of Mr. Sheehan, a similar limitation should be imposed: 9.5 hours x $706, further reduced by 30%, or $4,694.90. It should be noted these 9.5 hours resulted in a mere four (4) pages of legal analysis, or in excess of two (2) hours per page. The work product, containing only a single independent legal citation, and discussion of one (1) additional case relied upon by Mr. Sheehan, clearly was the result of only minimal legal research, and was primarily factual in nature, by the firm which had represented Defendant throughout the litigation and was intimately familiar with the facts and procedural history.

Gordon Declaration, to the extent such application even represents excess fees incurred but-for the bad faith conduct. *See Marion S. Mishkin Law Office*, 767 F.3d at 150. While there is limited support for such award in the case law, it is respectfully submitted the overwhelming authority dictates complete denial of any recovery, due to the absence of contemporaneous time records or itemization of the work completed by the various attorneys and paralegals assigned to this relatively simply matter. Pursuant to *Carey*, the fee application should be denied *in toto*.

## POINT III

### DEFENDANT DOES NOT HAVE ANY RECOVERABLE COSTS

As a final note, Defendant claims it incurred costs on this matter of $3,5500.50 in costs and expenses. While the application is unsupported by any itemized invoice of these expenses, both the "electronic database" charges and the motion fee should be disallowed. At the outset, the motion fee incurred was required by a motion to admit Senior Attorney, Haley Torrey, *pro hac vice* before this Court. (Dkt. No. 55 ¶ 32). That motion was filed on January 3, 2023, twenty (20) days *before* Defendant's motion to dismiss. (Dkt. Nos. 17, 19). Accordingly, that motion fee cannot constitute excess costs that were proximately caused by the later conduct which this Court determined to be in bad faith following the filing of Defendant's motion to dismiss. (*See* Dkt. No. 53 at 6).

Separately, it has long been the law of this District that "computerized legal research" costs are properly considered "overhead" for a law firm and not recoverable. *See, e.g.*, *Charles v. Seinfeld*, No. 18-cv-1196 (AJN), 2022 WL 889162, at *8 (S.D.N.Y. Mar. 25, 2022) (citing *John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 327 F. Supp. 3d 606, 648 (S.D.N.Y. 2018)); *PMJ Cap. Corp. v. Lady Antoinette*, No. 1:16-cv-06242 (AJN) (SDA), 2020 WL 4740534, at *8 (S.D.N.Y. Feb. 19, 2020) (disallowing charges for PACER); *BD v. DeBuono*, 177 F. Supp. 2d 201,

209 (S.D.N.Y. 2001) (citing *United States ex rel. Evergreen Pipeline Constr. Co. v. Merritt Meridian Constr. Corp.*, 95 F.3d 153, 173 (2d Cir. 1996)) (disallowing Westlaw charges). Accordingly, not only is it impossible to discern from Defendant's conclusory submission whether any of these computerized legal research charges constitute "excess" costs proximately caused by Mr. Sheehan's unreasonable and/or vexatious conduct, they should not be allowed as a matter of law, since they constitute "overhead" for counsel, and not recoverable costs. In the absence of any further proof of excess costs, Defendant's request for costs should be denied *in toto*.

## CONCLUSION

Based upon the foregoing, it is respectfully submitted that Defendant has failed to establish which of its costs and fees are "excess" and proximately caused by the subject conduct, as required by 28 U.S.C. 1927, as contrasted with costs and fees ordinary to the process of litigation. Furthermore, Defendant has failed in myriad ways to meet its various burdens on the fee application, including: (a) the absence of contemporaneous time records detailing the time keeper, the date, the hours expended, and the nature of the work done; (b) an utter lack of satisfactory evidence aside from counsel's self-serving Declaration that the hourly rates charged to Defendant are prevailing market rates; and (c) providing no evidence to the Court of any "excess costs" arising from the conduct in question, instead claiming only costs incurred before said conduct or simple firm overhead. In light of the plethora of deficiencies in Defendant's submissions, it is submitted this Court should deny an award of costs or fees to Defendant, together with such other and further relief as the Court deems just and proper.

DATED:    October 14, 2024

                                              COSTELLO, COONEY & FEARON, PLLC

                                              */s/ Daniel R. Rose*
                                              **DANIEL R. ROSE**
                                              **Attorneys for Spencer Sheehan**
                                              **Office and Post Office Address**
                                              **211 West Jefferson Street**
                                              **Syracuse, NY 13202**
                                              **Telephone: (315) 422-1152**

**DANIEL R. ROSE,**
    Of Counsel