

211 W. Jefferson St., Suite 1
Syracuse, NY 13202
Tel: 315.422.1152 | Fax: 315.422.1139

www.ccf-law.com

**Daniel R. Rose,** *Partner*
drose@ccf-law.com

October 22, 2024

**VIA ECF**

Hon. Ronnie Abrams
United States District Court Judge
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

> Re:   *Dakus v. Koninklujke Luchtvaart Maatschappij, N.V.*
>       **Civil Action No. 1:22-cv-07962-RA**

Dear Judge Abrams:

As the Court is aware, we represent plaintiff's counsel, Spencer Sheehan, in the above-referenced matter, with respect to this Court's Orders to Show Cause regarding sanctions.

We are in receipt of defendant's most recent filing, as well as its unilateral submission of billing records to this Court for *in camera* review. Without submitting a full response to defendant's filing, it is necessary for Mr. Sheehan to vehemently object to defendant's *ex parte* communications and submission to the Court, without any Order allowing for such.

Initially, it was defendant's obligation in the first instance to submit whatever evidence it deemed necessary, under the law of this Circuit, to support its request for attorneys' fees. Defendant should be precluded from correcting its own deficiencies in its submission in reply papers, where Mr. Sheehan is not permitted any opportunity to respond. *See United States ex rel. Karlin v. Noble Jewelry Holdings Ltd.*, No. 08 Civ. 7826(JGK)(KNF), 2012 WL 1228199, at *5 (S.D.N.Y. Apr. 9, 2012); *see Rothman v. Complete Packing & Shipping Supplies, Inc.*, No. 22-CV-2821 (OEM)(ST), 2024 WL 4350433, at *6 (E.D.N.Y. Sep. 30, 2024) (collecting cases); *Burroughs v. County of Nassau*, No. 13-cv-6784 (JS)(WDW), 2014 WL 2587580, at *13 (E.D.N.Y. Jne 9, 2014) ("In general, a party may not attempt to cure deficiencies in its moving papers by including new evidence in its reply to opposition papers."); *Tito v. Rubin & Rothman, LLC*, No. 12-CV-3464, 2014 WL 1092845, at *2 (E.D.N.Y. Mar. 18, 2014).

Furthermore, contrary to defendant's submission to this Court, its own cited case law does not support the proposition that a party may unilaterally determine to submit documentation for *in camera* review. In fact, defendant's leading case, *Richards v. Kallish*, 22-cv-

Hon. Ronnie Abrams
October 22, 2024
Page 2

9095(CS)(VR), 2023 WL 7126311 (S.D.N.Y. Oct. 30, 2023) (Reznik, Mag.), was a case in which the parties' respective filings in support of sanctions applications were **sealed**, thereby allowing both sides to review, without risk that they would be available to the public. *Id.*, at *2. Other cases relied upon by defendant only allowed for submission of billing records for *in camera* review <u>only upon direction of the Court</u>. *See, e.g., ATX Debt Fund I*, No. 19-cv-8540, 2024 WL 2093387, at*3 (S.D.N.Y. May 9, 2024) ("pursuant to a Court Order . . . ATX provided the Court with time entries related to the legal services rendered by Gibson Dunn & Crutcher LLP . . . for *in camera* review"); *In re Pall Corp.*, No. 07-CV-3359(JS)(ARL), at *1 (E.D.N.Y. June 25, 2023).

The majority of cases relied upon by plaintiff, however, involved submission of **unredacted** billing records to the Court, only after providing redacted records to opposing counsel. *See, e.g., PNC Bank, Nat'l Ass'n v. Dana Transp., Inc.*, No. 1:16-CV-07797 (JLR) (JW), 2023 WL 5702165, at *7 (S.D.N.Y. Sep. 5, 2023), *appeal filed*, No. 23-7272 (2d Cir.); *Major League Baseball Props., Inc. v. Corpoacion de Television y Microonda Rafa, S.A.*, No. 1:19-cv-8669-MKV, 2020 WL 5518361, at *3 (Arbitrator review unredacted invoices); *Zouvelos v. Surety Fin. of Am., Inc.*, No. 16-cv-1851 (AMD)(RLM), 2018 WL 1283684, at *3 (E.D.N.Y. Mar. 13, 2018) (rejecting claim opponent was deprived of due process "because he did not have unredacted copies of all of counsel's billing records"); *Collins v. City of New York*, No. 11 CV 766(FB)(RML), 2012 WL 3011028, at *5 (E.D.N.Y. July 23, 2012) ("Plaintiff has produced redacted time records . . . ."); *Baker v. Urban Outfitters, Inc.*, 431 F. Supp. 2d 351, 360 (S.D.N.Y. 2006) (Court reviewed defendant's "fees and costs, as set out in the publicly filed documents and as set out in the Judge's Eyes Only unredacted documents").

By contrast to defendant's plethora of cases wherein redacted itemized bills were provided to opposing counsel, and unredacted copies ordered to be submitted to the Court for *in camera* inspection, here, defendant has only provided the undersigned with an untimely meaningless spreadsheet of timekeepers and time billed, without *any* description of the work completed. (Dkt. No. 58-2). It is now well-established that "[a]ttorney time records that have vague entries and thus do 'not contain sufficient detail to reveal what proportion of [an attorney's] time was spent' on a particular task, warrant a court's reducing the amount of requested attorneys' fees." *Terra Energy & Res. Techs., Inc. v. Terralinna Pty. Ltd.*, No. 12-CV-1337 (KNF), 2014 WL 6632937, at *4 (S.D.N.Y. Nov. 24, 2014); *accord Lewis v Roosevelt Is. Operating Corp.*, No. 16-CV-03071 (ALC) (SN), 2018 WL 4666070, at *9 ("numerous entries are vague and heavily redacted").

Unlike cases such as *Sidley Holding Corp. v. Ruderman*, No. 08 Civ. 2513(WHP)(MHD), 2009 WL 6047187, at *24 (S.D.N.Y. Dec. 30, 2009), defendant has not redacted merely to "shield privileged information," but instead to prevent any meaningful review by Mr. Sheehan. DLA Piper's consistent stumbling through a process with which it should be well versed, as a "New York City 'big firm' " should not escape without consequences, nor should defendant be permitted to avoid the adversary process by submitting its billing records to the Court *ex parte*, without any opportunity for Mr. Sheehan to review and comment.

Hon. Ronnie Abrams
October 22, 2024
Page 3


       Based on the foregoing, we respectfully request this Court disregard any billing records which defendant has submitted for *in camera* review in connection with its reply papers, together with such other and further relief as the Court may deem just and proper.  We thank the Court in advance for its courtesies.

                                         Respectfully submitted,

                         COSTELLO, COONEY & FEARON, PLLC

                                 Daniel R. Rose

DRR/cc