**COSTELLO**
**COONEY & FEARON, PLLC**
*Experience Innovation*

211 W. Jefferson St., Syracuse, NY 13202
Tel: 315.422.1152 | Fax: 315.422.1139

www.ccf-law.com

Daniel R. Rose, *Partner*
drose@ccf-law.com

March 28, 2025

Hon. Robert W. Lehrburger
United States District Court
Southern District of New York
40 Foley Square
New York, New York

   Re: *Dakus v. Koninklijke Luchtvaart Maatschappij, N.V.*
     Case No.: 1:22-cv-07962-RA

Dear Judge Lehrburger:

  We represent Spencer Sheehan, Esq. in the above-referenced matter with respect to the Court's Orders to Show Cause regarding possible sanctions against Mr. Sheehan. We have previously briefed the applicable legal standards with respect to what constitutes reasonable attorneys' fees, and refer the Court to that authority as it considers an award of attorneys' fees to defendant. (*See* Dkt. No. 56). Upon review of the itemized billing records which defense counsel has now provided to us, we would highlight a few items.

  Initially, defendant is only entitled to recover those "excess fees" incurred because of conduct which multiplies the proceedings unreasonably and vexatiously. *See* 28 U.S.C. § 1927; *Goodyear Tire & Rubber Co. v. Haegar*, 581 U.S. 101, 108 n.5 (2017). Thus, in scrutinizing the billings from defense counsel, the inquiry is which of those entries was caused solely by what the Court has determined was bad-faith conduct. Secondly, the Court may only award what it determines to be reasonable fees for the task completed, under the lodestar method. *See Luciano v. Olsten Corp.*, 109 F.3d 111, 115 (2d Cir. 1997). In reviewing itemized bills, block billing is highly disfavored in this Court. *See Congregation Rabbinical Coll. of Tartikov, Inc. v. Village of Pomona*, 188 F. Supp. 3d 333, 343 (S.D.N.Y. 2016). Finally, it is well settled that computerized legal research costs are overhead for a law firm in this Court, and now recoverable costs. *See BD v. DeBuono*, 177 F. Supp. 2d 201, 209 (S.D.N.Y. 2001).

  In light of these legal principles, Mr. Sheehan would particularly draw the Court's attention to the following:

- On February 2, 2023, Haley Torrey billed for 24 minutes to draft an e-mail to Mr. Sheehan and write a letter to the Court regarding an extension of deadlines. This extension was in no way related to what the Court has determined to be bad-faith conduct. (Dkt. No. 22). This entry should be disallowed.

Hon. Robert Lehrburger
March 28, 2025
Page 2

- On February 23, 2023, three (3) separate timekeepers billed for reviewing, analyzing and/or summarizing plaintiff's motion to dismiss. This is unnecessary excessive billing and should be disallowed. Furthermore, Caleb Roche's time billing for legal research into a basic legal principle regarding a plaintiff's failure to address an argument in a motion to dismiss is excessive, and should also be disallowed or drastically reduced.

- On March 1, 2023, two (2) timekeepers spent over five (5) hours researching or reviewing the case law cited within plaintiff's opposition to the motion to dismiss. Upon review of plaintiff's opposition (Dkt. No. 24), the majority of this case law has no connection to the conduct this Court determined to be in bad faith, that is continuing the action after it was demonstrated plaintiff lacked standing. (Dkt. No. 53). These entries should be disallowed.

- In total, defense counsel spent sixteen (16) hours preparing its Reply in further support of defendant's motion to dismiss. This brief was limited to ten (10) pages, and again, most of the brief was not related to what this Court determined to be in bad faith. Most of this time should be disallowed.

- Similarly, on March 15, 2023, Athenais Alcibar-Zucker spent over 3½ hours cite-checking and compiling a table of authorities. This is excessive for a ten (10) page brief.

- On May 8–10, 2023, defense counsel felt the need to provide the Court with supplemental authority, and billed over two (2) hours preparing what amounted to six (6) substantive sentences summarizing this case. This is clearly excessive.

- On July 10, 2023, defense counsel billed another 1.2 hours to prepare another six (6) substantive sentences relating to further supplemental authority. This is excessive.

- On July 13, 2023, Keara Gordon billed an entire hour to review a two (2) page Order of this Court, and to send e-mails related to it. This is excessive and should be disallowed.

- On August 2, 2023, Keara Gordon billed 0.7 hours, or 42 minutes, to _edit_ a three (3) sentence letter to this Court to inquire if it desires a response to plaintiff's Declaration. This is excessive and should be disallowed.

- In total, defense counsel spent eight (8) hours preparing a three (3) page letter to this Court responding to plaintiff's Declaration. (Dkt. No. 32). This is excessive and should be drastically reduced.

- On September 12–13, 2023, defense counsel expended over three (3) hours reviewing and analyzing this Court's decision on the motion to dismiss and updating the client. Defense counsel also has the gall to bill its client for responding to an

Hon. Robert Lehrburger
March 28, 2025
Page 3

- inquiry from a legal blog regarding the decision. This excessive time should be disallowed.

- Following this Court's initial Order to Show Cause as to Rule 11 sanctions, defense counsel billed over twenty-five (25) hours to research and draft a brief regarding Section 1927 sanctions. Defense counsel did not even respond to the positions raised by Mr. Sheehan in his submission. All time related to this submission should be disallowed, as it failed to even address the issue the Court directed. (*Compare* Dkt. No. 38, *with* Dkt. 41). Moreover, defendant was not even required to respond to Mr. Sheehan's submission. The Court merely gave it the option to do so. (*See* Dkt. No. 38). Since these fees were not proximately caused by the bad-faith conduct, they should be disallowed on those grounds, as well.

- On September 23–24, Partner Keara Gordon and Partner Colleen Carey Gulliver spent several <u>hours</u> reviewing and analyzing this Court's twelve (12) page Order awarding sanctions and finding Mr. Sheehan's conduct was in bad-faith. This time is excessive, given how straightforward this Court's ruling was.

- Finally, defense counsel seeks to saddle Mr. Sheehan with $3,300 of its overhead operating costs for "Westlaw Charges." Per the case law cited above, these charges should be disallowed.

We thank the Court in advance for its consideration of these points. Should you require anything further, please do not hesitate to contact me.

Respectfully submitted,

COSTELLO, COONEY & FEARON, PLLC

Daniel R. Rose

DRR/cc

cc:   Colleen Gulliver, Esq.
      Haley Dee Torrey, Esq.
      Keara M. Gordon, Esq.